## SCHWEITZER *v.* BIRD.

**1.** EJECTMENT—VERDICT—SPECIFYING ESTATE OF PLAINTIFF.

The provision of section 13190, 3 Comp. Laws 1915, requiring the verdict in ejectment to specify the estate or right of the plaintiff in whose favor it shall be rendered, whether such estate be in fee, for life, for a term of years, or otherwise, is mandatory.

**2.** SAME—RECORD—NEW TRIAL—SUBSEQUENT SUIT.

Where a case in ejectment had terminated in a verdict and judgment for plaintiff without specifying her interest in the land, when defendants filed their motion for a new

trial, they were entitled to have it determined on the record as it then stood, and a subsequent chancery suit to determine plaintiff's interest, to which defendants were not parties, could not be utilized to cure the defective verdict.

3. SAME—VOID DEED—INFANTS—BURDEN OF PROOF.

Where plaintiff's claim to property, in ejectment, was based wholly upon the proposition that a deed which she gave her father was void or voidable because she was a minor, the burden of proof rested upon her.

4. EVIDENCE—TESTIMONY AS TO AGE OF WITNESS—HEARSAY.

Plaintiff in ejectment, where the controlling question of fact was her age, could testify to same, although necessarily by hearsay.

5. TRIAL—INFANTS—EVIDENCE—QUESTION FOR JURY.

Where plaintiff testified that she relied for her knowledge as to her age upon what she saw in a bible in existence and in the possession of her father, where neither her father nor the bible was produced, and defendants questioned her testimony, they were entitled to have the fact of her minority determined by the jury.

Error to Genesee; Stevens, J. Submitted October 16, 1918. (Docket No. 67.) Decided December 27, 1918.

Ejectment by Elizabeth J. Schweitzer against Andrew Bird and another. Judgment for plaintiff. Defendants bring error. Reversed.

*B. F. Reed*, for appellants.

*James S. Parker* (*Clay W. Wilber*, of counsel), for appellee.

STEERE, J. Plaintiff brought this action of ejectment in the circuit court of Genesee county to recover from defendants possession of a piece of land described in her declaration as "25 acres of land off the west end of the south part of the south half of the southeast quarter of section 28, town 8 north, range

8 east, which said premises the said plaintiff claims in fee."

Defendants pleaded the general issue, filing, under the statute so authorizing, a claim in writing for compensation for improvements made by them upon said premises, with request for a determination or estimation of the increased value thereof by reason of their having been in actual possession for more than six years. Plaintiff thereupon filed a request in writing under "the provisions of section 13196 of Howell's Statutes, second edition," that the jury estimate what would have been the value of the premises at the time of the trial had no improvements been made or waste committed.

The conceded common source of title to this property begins with Aaron J. Crossman, plaintiff's father, who on September 8, 1903, conveyed the same to her by warranty deed. On January 26, 1904, plaintiff reconveyed the property by quitclaim deed to her father, who, on the same date, conveyed the same by warranty deed to William J. Langley. On February 13, 1907, William J. Langley conveyed the same by warranty deed to defendants Andrew Bird and Elizabeth M. Bird, his wife. Plaintiff's action was based on the deed of September 8, 1903, from her father, Aaron J. Crossman, to her, claiming that she was an infant at the time of her reconveyance to him.

Upon the trial plaintiff testified that while she had no recollection of reconveying the property to her father by quitclaim deed on January 26, 1904, as the record showed and which she did not deny, that upon the 8th day of September, 1903, when her father deeded the premises to her she thought she was 18 years of age "if the record in the bible is anything to go by." On cross-examination she stated she relied for her age upon what she saw in the bible which was then in possession of her father, who lived at Lapeer. A

motion to strike out this testimony as to her age, because hearsay and not the best evidence, was denied.

At the close of the proofs the court directed a verdict in favor of plaintiff, saying that the deed of January 26, 1904, from her to her father, was void because she was then a minor, and instructed the jury to determine the value of the land in question with and without the improvements; whereupon the jury after due deliberation rendered a verdict given in the record as follows:

"Whereupon the jury retired and being absent for a time returned into court and found that the present value of the premises described in plaintiff's declaration including all improvements made thereon as one thousand five hundred dollars and that the present value of said premises had the improvements claimed by plaintiff not been made thereon and no waste committed thereon is seven hundred and fifty dollars."

The court upon the same day entered judgment upon the verdict with recitals relative to the same and notices given by the parties under the statute, concluding as follows:

"It is ordered and adjudged by the court now here that the said Elizabeth J. Schweitzer do recover against the said Andrew J. Bird the possession of said premises according to the verdict of the jury, as directed by the court, and that the said plaintiff Elizabeth J. Schweitzer have a writ of possession therefor, provided, however, that the said writ shall not issue until plaintiff has paid defendant the value of the improvements made on said premises as found by said jury.

"It is further ordered and adjudged that plaintiff recover from said defendant her costs and charges to be taxed and that she have execution therefor, which amount of said taxed costs may be set off and deducted from the value of the improvements as found by the jury."

Shortly thereafter defendants moved for a new trial

asking the court to set aside the verdict and judgment on the ground the court erred in not charging the jury to specify the estate or right of plaintiff in and to the lands described in the declaration, and the verdict as rendered did not "specify whether plaintiff has an estate in fee, for her life, for the life of another, for a term of years, or otherwise, as required by subdivision 7 of section 23 [chapter 29] of Act No. 314 of the Public Acts of the State of Michigan for 1915 [3 Comp. Laws 1915, § 13190], in the property described in plaintiff's declaration"; and for the further reason that should she elect to abandon the premises described in her declaration and take the present value thereof exclusive of improvements, there is no way of determining what portion of such value belongs to her.

The last proposition is based upon the following provision in the deed to her from her father of September 8, 1903, which is otherwise a plain warranty deed:

"The conditions of this deed is such that Elizabeth J. Crossman has the use of the above described land for the support of herself and child William during their lives, and should she outlive him, her title to become absolute, but should the child William outlive his mother, then his title to said lands to become absolute."

This motion was filed February 15, 1916. On December 31, 1917, the court filed reasons denying the motion, somewhat in the form of a judgment and apparently so intended, the pertinent portions being as follows:

"And it further appearing to the court that after the verdict and judgment was entered in said cause, plaintiff Elizabeth J. Schweitzer filed in this court, in chancery, a bill of complaint against one William L. Schweitzer, defendant therein, praying for the con-

struction of the deed by which she obtained title to the lands and premises described in plaintiff's declaration.

"And it also appearing to the court that said chancery case has been heard and determined by decree, and that no appeal has been taken therefrom, and that by the terms of the said decree it was determined by said court that said plaintiff is vested with a life estate in the premises described in plaintiff's declaration with a contingent remainder in said premises contingent only upon his surviving said plaintiff.

"It therefore appearing to the court that said plaintiff is not entitled to the full amount of said judgment so entered in this cause, but is entitled to a certain portion thereof:

"It also appears to the court that inasmuch as the interests of said William L. Schweitzer have been determined by this court, that the verdict and judgment heretofore entered in said court should be set aside, vacated and held for naught, and a new trial granted therein unless said plaintiff remits all of said judgment not represented by her interest in said premises.

"Therefore * * * it is ordered and adjudged that the verdict and judgment heretofore entered in said cause be and the same is hereby set aside and held for naught and a new trial granted herein unless said plaintiff, within twenty days from the date of this order, remits, in writing to be filed in this court, the sum of two hundred seventy and 11/100 dollars, which this court holds to be the value of the contingent remainder of said William L. Schweitzer.

"It is further ordered that if said plaintiff remits said sum of $270.11, within said twenty days, when the amount so remitted shall be deducted from the amount of said judgment as the date of said judgment and the balance thereof shall stand as the final judgment of said cause and shall be of full force and effect.

"It is further ordered that as provided by statute, plaintiff shall at this or the next subsequent term of this court, file her election in writing whether she will repossess herself of said premises or abandon the same to defendants and take the value of her interest therein as herein fixed and determined.

"It is further ordered and adjudged by the court that the entry of this order shall operate as the entry of a new judgment as of the date of the judgment heretofore entered in said cause, and that said defendants are entitled to an order staying proceedings in said cause for a period of twenty days from the date hereof, according to the statute and practice of this court."

Plaintiff thereupon filed a remittitur for $270.11.

It may be assumed that the William L. Schweitzer, mentioned by the court, is the child William mentioned in the deed to plaintiff, of September 8, 1903, as she testified that the child referred to in the deed was her son.

Defendants duly excepted to this order contingently denying their motion for a new trial, and removed the case to this court by assignments of error, claiming reversal especially upon the following grounds:

"1. Because the court erred in denying the motion for new trial, which raises the question of the failure of the verdict to specify the estate, or right, which the plaintiff established on the trial in the premises described in her declaration in accordance with paragraph 7, of section 10974, of the Compiled Laws of 1897, being section 13190, of the Compiled Laws of 1915.

"2. Because the court erred in directing a verdict for plaintiff on her uncorroborated testimony as to her age."

The only reference to this chancery case between plaintiff and her son appearing in this record is as above quoted from the reasons of the court for conditionally denying defendants' motion. It certainly was not before the court and jury when this case was tried, nor when verdict and judgment were rendered and entered, for no such suit was then in existence. The record does not show the date of trial in this case but judgment was entered on January 27, 1916. Defendants' motion for a new trial was filed February

15, 1916, and decided December 31, 1917. Defendants were not parties to the chancery suit which was put through the court to a decree in the meantime, and could not be bound by it. Whether the court assumed to take judicial notice of it in this case or it was presented by plaintiff in a delayed opposition to the motion for a new trial is but conjecture, and immaterial. Neither is it disclosed how the court arrived in this case at the value of William L. Schweitzer's contingent remainder as $270.11. The mortality tables were not introduced and there is no evidence in the record of his or her expectancy of life. That matter was not presented to the court by either party, for the trial proceeded upon the theory and plaintiff's claim in her declaration that she was the owner in fee. Her estate was not, however, determined or specified as the statute requires either in the verdict or judgment thereon. Section 13190, 3 Comp. Laws 1915, dealing with verdicts in ejectment cases, provides in paragraph 7 as follows:

"The verdict shall also specify the estate or right which shall have been established on the trial, by the plaintiff in whose favor it shall be rendered, whether such estate be in fee, or for his own life, or for the life of another, stating such lives, or whether it be a term for years, or otherwise, and specifying the duration of such term."

This provision is mandatory. Any verdict and judgment thereon not in compliance with, or authorized by, this statute cannot be sustained; *Shaw* v. *Hill*, 79 Mich. 86. In all cases the verdict must specify the estate or right belonging to the plaintiff whether in fee or for life, or otherwise, as the statute requires; *Michigan Cent. R. Co.* v. *McNaughton*, 45 Mich. 87; *Kinney* v. *Harrett*, 46 Mich. 87. Under our statute actions in ejectment are not only possessory, but may and often do determine the title to land, which ren-

ders it of especial importance that, as the statute directs, the nature of the interest or ownership of the plaintiff in whose favor a verdict is rendered shall be distinctly stated.

This case had been tried, had terminated in a verdict and judgment and the jury had been discharged when defendants filed their motion for a new trial with reasons therefor. They were entitled to have it determined on the record as it then stood. A subsequently begun and tried chancery suit to which defendants in this action were not parties cannot be utilized to cure such defective verdict in ejectment.

Plaintiff's claim to the property was planted wholly upon the proposition that the deed to it which she gave her father was void, or voidable, because she was then a minor. That was a controlling question of fact with the burden of proof resting upon her. She was the only witness as to her age. That she could testify as to her age, although necessarily by hearsay evidence, is not to be doubted (*Cheever* v. *Congdon*, 34 Mich. 296), but she testified that she relied for her knowledge upon what she saw in a bible in existence and in the possession of her father, who was yet living. Neither her father nor the bible was produced. Defendants questioned her testimony and at least had the right to have that fact determined by the jury and the value of her evidence determined by them. The court took that question from the jury, passed upon her testimony and found that the deed was void because she was a minor. In the absence of such vital fact being conceded, even though the testimony should and probably would satisfy any one required to decide, its determination should be submitted to the jury. In *Woodin* v. *Durfee*, 46 Mich. 424, this court said, speaking through Justice COOLEY:

—"but evidence is for the jury, and the trial judge cannot draw conclusions for them. It is said that on

some points there was no evidence of a conflicting nature; but that does not aid the claimant. A jury may disbelieve the most positive evidence, even when it stands uncontradicted; and the judge cannot take from them their right of judgment. If they return what he thinks is a perverse verdict, he may set it aside and order a new trial; but he cannot take upon himself their functions as was done here."

For the reasons above given the judgment is reversed with costs and a new trial granted.

OSTRANDER, C. J., and BIRD, MOORE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.