TEATER *v.* STRATTON.

1. APPEAL AND ERROR—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE.
   Record in action for damages arising out of collision of automobiles at an intersection of country highways examined and instructions of court relating to contributory negligence *held,* proper.

2. SAME—MOTION FOR NEW TRIAL—QUESTIONS OF FACT.

On review of trial court's refusal to grant a new trial Supreme Court does not substitute its judgment on questions of fact unless they clearly preponderate in the opposite direction (3 Comp. Laws 1929, § 14314).

3. NEW TRIAL—VERDICT AGAINST CLEAR WEIGHT OF EVIDENCE.

If jury's verdict is against the clear weight of the evidence, the trial judge may correct the error in passing on a motion for a new trial.

4. SAME—VERDICT FOR DEFENDANT MOTORISTS IN INTERSECTION COL-LISION CASE—EVIDENCE.

In action for damages arising out of automobile collision at an intersection of country highways, trial court's refusal to grant a new trial after jury returned verdict for defendant, *held*, sustained by competent and substantial evidence (3 Comp. Laws 1929, § 14314).

Appeal from Isabella; Hart (Ray), J. Submitted January 6, 1939. (Docket No. 51, Calendar No. 40,209.) Decided March 10, 1939.

Case by Charles W. Teater against Harry Stratton and Elizabeth Stratton for damages sustained in an automobile collision at an intersection. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Robert J. Curry,* for plaintiff.

*Kelley, Sessions, Warner & Eger* and *Gerald J. Cotter,* for defendants.

SHARPE, J. Plaintiff, Charles W. Teater, sued defendants to recover damages growing out of an automobile accident. From a judgment for defendants, plaintiff appeals.

The accident occurred at the intersection of two highways in Coe township, Isabella county, Mich-

igan. At about the hour of 5 p. m., on August 21, 1934, plaintiff was driving his automobile in a westerly direction at about 40 miles per hour. As he approached the intersection, he looked to the north and saw no car coming. Corn was growing in the field on the southeast corner of the intersection. This field of corn presented an obstruction to plaintiff's view until he reached a point about 60 feet east of the center of the intersection. At this point, plaintiff slowed down the speed of his car to 25 miles per hour and could see across the corner. When about 38 or 40 feet from the center of the intersection, plaintiff could see defendants' car which was traveling in a northerly direction and was about 60 or 65 feet south of the center of the intersection. Plaintiff kept watching defendants' car; and when plaintiff got into the intersection he noticed that defendants' car was only 20 or 25 feet south therefrom and approaching at a rate of speed faster than that at which plaintiff was driving. Plaintiff then speeded up his car and when two-thirds of the length of his car had passed over the center line, the collision occurred. As a result of this collision, plaintiff sustained severe personal injuries as well as damage to his car. The traveled portion of both roads was 22 feet and neither road was superior to the other. When the cause came on for trial, a jury was impanelled and brought in a verdict for defendants. Judgment was entered thereon. Subsequently, plaintiff filed motion for a new trial upon the ground that the verdict was against the great weight of the evidence, and upon its denial by the trial court, plaintiff appealed.

The sole question involved in this appeal is whether or not there was an abuse of discretion upon the part of the trial court in refusing to grant a new trial for the reasons alleged in plaintiff's

motion. We have examined the record and find that the charge of the trial court relating to the contributory negligence of plaintiff was in accordance with the well-established rules relating thereto.

Section 14314, 3 Comp. Laws 1929 (Stat. Ann. § 27.1043), provides among other things that the Supreme Court shall review the decision of the circuit court in refusing to grant a motion for a new trial, providing error is assigned thereon. In *Leonard* v. *Hey*, 269 Mich. 491 (37 N. C. C. A. 111), we said:

"We do not substitute our judgment on questions of fact unless they clearly preponderate in the opposite direction."

In *Fabbro* v. *Soderstrom*, 252 Mich. 455, the court said:

"The jury is the trier of the facts. If their verdict is against the clear weight of the evidence, it is the duty of the trial judge to correct it. He has an opportunity to do so in passing on a motion for a new trial. When he has weighed the evidence and approved of the verdict, this court will not disturb it unless there are very clear reasons for doing so. The consideration which this court will give to his judgment is well stated in applicable language of Justice FELLOWS in *Pachuczynski* v. *Railway*, 202 Mich. 594:

" 'But in the determination of the question of this court it must be borne in mind that this court is not the trier of the facts. We cannot invade the province of the jury. It must also be kept in mind that the trial judge heard and saw the witnesses, was in a position to judge of their credibility and their mental capacity; that the presumption that he correctly measured them must be considered, and that we may not set aside a verdict unless it is manifestly against the clear weight of the evidence.' "

It is our opinion that there was competent and substantial evidence to sustain the trial court in its refusal to grant a new trial. The judgment of the trial court is affirmed. Defendants may recover costs.

BUTZEL, C. J., and WIEST, BUSHNELL, POTTER, CHANDLER, and MCALLISTER, JJ., concurred. NORTH, J., took no part in this decision.