ROGERS *v.* CITY OF DETROIT.

1. AUTOMOBILES—TAXICAB PASSENGER—COLLISION WITH BUS—PERSONAL INJURIES—EVIDENCE.

   Evidence presented question of fact for jury as to whether plaintiff woman, a fare-paying passenger in defendant's taxicab, had been injured when it collided with other defendant's bus, where there was a sharp conflict on the matter in the testimony.

2. SAME—VERDICT—GREAT WEIGHT OF EVIDENCE—SIDESWIPE.

   Verdict for both defendant taxicab operator and owner and defendant bus owner in action by taxicab passenger for injuries alleged to have been sustained when the 2 vehicles collided in a sideswipe while going in the same direction, *held,* not against the great weight of the evidence, where it is apparent the jury did not believe the plaintiff.

3. EVIDENCE—WEIGHT OF EVIDENCE—ESTABLISHING CASE.

   It is incumbent upon a plaintiff to establish the case against a defendant to the satisfaction of the jury and where the plaintiff's evidence fails to convince the jury, the verdict will not be set aside as contrary to the great weight of the evidence.

4. AUTOMOBILES—SIDESWIPE—TAXICAB—BUS—INSTRUCTIONS.

   Court's charge to jury in action for damages arising from injuries alleged to have been received by plaintiff passenger in a taxicab when it and a bus collided in a sideswipe *held,* not to disclose reversible error for overemphasis upon return of verdict of no cause of action for defendant owner and operator of taxicab, when charge is considered in its entirety.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur, Automobiles § 659.
[3] 20 Am Jur, Evidence § 1248.
[4] 5 Am Jur, Automobiles § 733.
[5] 3 Am Jur, Appeal and Error § 380.
[6] 3 Am Jur, Appeal and Error § 1112.

5. Appeal and Error—Failure to Charge—Requests to Charge.
   Plaintiffs may not be heard to complain that the trial court failed to instruct the jury as to their theory of the case, where they failed to present requests to charge upon their theory of the case and the entire charge sufficiently advised the jury as to the law applicable to the case (Court Rule No 37, § 9 [1945]).

6. Action—Consolidation of Actions—Instructions.
   Court's instruction that damages recoverable by husband in his consolidated action with wife against alleged tort-feasors whose negligent conduct is claimed to have injured her were limited to $100, the amount he had paid for medical bills, was not reversible error, where court also instructed jury that husband could not recover unless his wife recovered and jury found no liability.

Appeal from Wayne; Webster (Clyde I.), J. Submitted June 16, 1954. (Docket Nos. 28, 29, Calendar Nos. 45,002, 45,003.) Decided September 8, 1954.

Separate actions of case by Helen Rogers and John Rogers against City of Detroit, a municipal corporation, John Milton Rager and William Dunsmith, for damages for personal injuries to plaintiff wife sustained in collision of bus and taxicab. Cases consolidated for trial and appeal. Verdict and judgment for defendants. Plaintiffs appeal. Affirmed.

*Gvazda & Shere* (*Norman W. Stern*, of counsel), for plaintiffs.

*Leo A. Sullivan* and *James S. Shields*, for defendant City of Detroit.

*Edward N. Barnard*, for defendants Rager and Dunsmith.

Kelly, J. Helen Rogers filed suit against defendants herein for personal injuries received in a collision between a Detroit Street Railway bus and a Checker taxicab, the cab being operated by defend-

ant Rager and owned by defendant Dunsmith. John Rogers, husband of Helen Rogers, also brought action against the same defendants. The actions were consolidated for trial and the jury returned a verdict of no cause of action. Motions for new trial were denied. Plaintiffs appeal, it being stipulated that the causes be heard concurrently and submitted on the same bill of exceptions, record and briefs.

Appellants contend that the verdict was against the great weight of the evidence; that the court erroneously instructed the jury by failing to call attention to the theory upon which plaintiffs' cases were based; in overemphasizing the return of a verdict of no cause of action as to defendants Dunsmith and Rager, and in instructing the jury that the recovery by plaintiff John Rogers was limited to the sum of $100.

About 7:30 a.m. on December 31, 1947, plaintiff Helen Rogers was accepted as a fare by taxicab driver Rager. At or near the intersection of Grand River avenue and Elizabeth street a collision occurred involving the taxicab in which plaintiff was riding and a DSR bus. Both were traveling in a southerly direction on Grand River toward downtown Detroit.

The bus driver testified that about 50 yards from the intersection of Grand River and Elizabeth the cab driver suddenly made a right turn into the path of the bus. Plaintiff testified that the cab had been almost a block behind the bus at the time it cut from the curb lane to the second lane. She further said that the cab pulled along side the bus and when it reached the front end of the coach cut toward the curb in front of the bus.

Defendant Rager (taxicab driver) testified that the cab was at all times in the second lane and that the bus was traveling behind it at 18 to 22 miles per hour in the lane nearest the curb. He further tes-

tified that he never turned into the curb lane and that the bus struck the cab from the rear; that after the impact part of the bus was in the second lane.

The only witness to the collision besides the plaintiff, the cab driver, and the bus operator, was Roy V. Bergman. He was seated on the left side of the bus in the first cross seat back of the operator, and was on his way to work at the Veterans Administration where he was a fellow employee of Mrs. Rogers. Bergman's testimony was in sharp conflict with the testimony of the plaintiff and the testimony of the cab driver and the bus driver. He described 3 separate and distinct impacts between the cab and the bus with the cab bouncing off the side of the bus, stating that the entire side of the cab would come in contact with the entire side of the bus. He stated:

"He (the bus driver) had slowed down when the 2 vehicles were hitting; every time they would hit the driver would let up on his accelerator, and when the cab pulled off away from the bus he would step on his accelerator; you could notice the momentum. * * * The third impact started out as a sideswipe and it ended up, the bus had slowed, and the cab still kept going, and it ended up the right rear of the cab was about even with the left front of the bus. It was at that time he had slowed down and began to brake. He applied the brakes on the third impact."

Both operators were able to drive their vehicles away from the place of collision. Defendant Rager testified:

"I was in my own lane of traffic and the bus bumper just touched my rear bumper on the right side. The bus bumper hit my bumper on the right side of my cab, and my bumper was under the bus bumper. To separate the bus and the cab I put my foot on the bumper, and gave it a shove and it was out, that is all there was to that. * * * I went to the Checker Cab garage to report the fender to my boss, Marcel

Valle. There was only a scratch on the fender. I went in and reported it to my boss and I took the cab out. I continued to work the rest of that day, I am absolutely positive about that. I am positive all I did to separate the cab and bus was just jiggle the bumper."

George C. Naylor, the bus operator, testified:

"The left side of the bus at the front corner collided with the right side of the cab, the right rear fender; it was the right side at the rear of the cab that was hit. It would be the opposite side that the driver of the cab sits on. * * * The bumper of the cab was caught on the coach; eventually I had to force the cab and bus apart to separate them. There was a dent in the right side of the Checker cab to the rear and into the body with parts in front of my bus damaged. * * * The cab pulled away about half a minute before I did; as soon as we had finished exchanging our information we both got in our vehicles and departed."

Plaintiff Helen Rogers testified that when the taxi and bus collided, "I fell as if I was in a sitting position, I just slid right off the seat and wound up sitting on the floor." However, defendant Rager on cross-examination said: "After the accident she was right where she was when she got in; she had not fallen off the seat."

The record discloses a sharp conflict between the parties as to whether plaintiff Helen Rogers was injured as a result of the collision. Appellees contend "that some of her claimed physical troubles were either not suffered or, if suffered, were not due to this accident; and that her own testimony as to her absences from government work was denied by the very official whose duty it was to record such absences and to withhold payments of government funds for such absences." The record on this point sus-

tains the conclusion that this conflict of testimony presented a major question for the jury.

Appellants contend that the verdict is against the great weight of the evidence because either the driver of the cab, or the operator of the bus, or both, was guilty of negligence; that the appellants were free from negligence and, therefore, the verdict of no cause of action was an anomaly or a "compromise verdict." We do not agree with this contention. The verdict of the jury can be explained by the fact that the testimony was so conflicting that the jury was unable to determine whether the collision was caused by the sole negligence of the bus driver, or the cab driver, or both. The court properly instructed the jury that the question as to how the accident happened and whether it was caused by the negligence of one or more must be established by a preponderance of the evidence. The lack of convincing proof is shown by the following statement in appellants' brief:

"The testimony introduced shows that the only emergency situation was created by either the bus swerving into the taxicab or the taxicab turning sharply to the right into the path of the bus, or a combination of both. The record is absolutely devoid of testimony of any other cause of the accident."

The court's opinion on motion for new trial reads:

"Motion for new trial in these cases is denied, for the reason that the issues were all properly submitted to the jury. The issues were solely questions of fact. The jury did not believe the plaintiff and that is the reason for the verdict."

This Court in *Green* v. *Detroit United Railway,* 210 Mich 119, at page 125, commented on the necessity of plaintiff establishing her case to the satisfaction of the jury in the following language:

"Upon the first proposition counsel points out that defendant produced no witnesses as to the accident and plaintiff's testimony stands undisputed. It was nevertheless incumbent upon her to establish her case to the satisfaction of the jury. Her only witnesses to the accident were herself and her granddaughter. With the burden of proof resting upon her to convince the jury that the accident occurred as claimed, that it was imputable to the negligence of the conductor as charged and that she was without negligence on her part, defendant had the right in denial to stand upon the claimed improbability and inadequacy of her story to that end, and to argue to the jury its lack of convincing force as told by her and her granddaughter. The trial judge and jury both heard and saw the witnesses. In denying plaintiff's motion for a new trial the court said:

" 'This is not a case of the verdict being against the weight of evidence, but one in which the plaintiff failed in making a case.'

"The facts were not conceded. The testimony was for the jury to pass upon. As to that function, judges cannot draw conclusions from it for them.

" 'It is said that on some points there was no evidence of a conflicting nature; but that does not aid the claimant. A jury may disbelieve the most positive evidence, even when it stands uncontradicted; and the judge cannot take from them their right of judgment.' *Woodin* v. *Durfee,* 46 Mich 424.

"To like effect, *vide Yonkus* v. *McKay,* 186 Mich 203 (Ann Cas 1917E, 458); *Schweitzer* v. *Bird,* 204 Mich 333; *Rotter* v. *Railway,* 205 Mich 212; *Crampton* v. *Crampton,* 205 Mich 233. We find no occasion to say, against the conclusions of the jury and trial court, that the verdict was perverse or contrary to the great weight of evidence."

Appellants do not complain about the accuracy or fairness of the court's charge to the jury, except that the charge overemphasized the return of a verdict of no cause of action as to defendants Dun-

smith and Rager. In this regard, the charge considered in its entirety does not disclose reversible error.

Appellants' complaint is not what the court instructed the jury but that the court failed to instruct on appellants' theory of the case. There is nothing in the record indicating that appellants ever presented to the trial court a request to charge upon their theory of the case. Michigan Court Rule No 37, § 9 (1945), reads:

"The court shall instruct the jury as to the law applicable to the case whenever a verdict is to be rendered, and in his charge may make such comment on the evidence, the testimony and the character of the witnesses as in his opinion the interests of justice may require. The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested."

The charge of the court was extensive, requiring more than 11 pages of the printed record. The law of the case, such as negligence, contributory negligence, proximate cause, damages, et cetera, was amply covered. Because of appellants' failure to present written requests to charge upon what they now designate their theory, they do not now have the right to claim reversible error because the court failed so to charge. As stated above, it is our opinion that the entire charge sufficiently advised the jury as to the law applicable in this case.

Appellants also contend the following instruction was erroneous:

"As to the John Rogers case, that is governed entirely by the rules as to the wife's case, and he cannot recover if she cannot; and he cannot recover against both defendants unless she can, or against either one unless she can.

"The damage in his case is limited to $100. There is no testimony as to the value of any services he may have performed, and there is no testimony of any medical bills that he paid, except $100, and, therefore, under no circumstances can your verdict be, in the John Rogers case, for more than $100."

Had John Rogers received a verdict of $100 or less, this contention would be worthy of consideration. The court properly instructed the jury that John Rogers could not recover unless his wife recovered. The jury found no liability. Under these conditions the court's instruction in regard to the husband's damages does not constitute reversible error.

Judgment affirmed. Costs to defendants.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.