HALTOM v. BURLESON.

1. AUTOMOBILES—SUDDEN EMERGENCY—NEGLIGENCE.
   Findings of trial court that plaintiff driver stopped her automobile suddenly and without negligence when faced with a sudden emergency and that defendant driver's automobile collided with the rear of plaintiff's automobile because of defendant's negligence in following too closely for conditions *held*, supported by the record.

2. SAME—FINDINGS OF FACT—AUTOMOBILE COLLISION—ABORTION.
   Finding of trial court that automobile collision caused by defendant driver's negligence did not cause subsequent abortion of plaintiff wife *held*, not clearly erroneous (GCR 1963, 517.1).

3. COSTS—NEGLIGENCE—AUTOMOBILE—NEITHER SIDE PREVAILING.
   No costs are awarded in appeal and cross-appeal from trial court judgment for plaintiff in automobile rear-end collision action, neither party having prevailed.

Appeal from Calhoun; Coleman (Creighton R.), J. Submitted Division 3 December 6, 1966, at Grand Rapids. (Docket No. 1,524.) Decided February 14, 1967.

Complaint by John W. Haltom, Jr., Georgia Lee Haltom, and Emmco Insurance Company, an Indiana corporation, against Thomas Burleson and Tommie Lou Burleson for damages resulting from an automobile collision. Judgment for plaintiffs.

REFERENCES FOR POINTS IN HEADNOTES
[1] 8 Am Jur 2d, Automobiles and Highway Traffic § 1016.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 1012, 1015.
[3] 20 Am Jur 2d, Costs § 16.

Defendants appeal and plaintiffs cross-appeal. Affirmed.

*Wilcox & Robison* (*Charles A. Robison,* of counsel), for plaintiff.

*Sullivan, Hamilton & Ryan* (*James M. Sullivan,* of counsel), for defendants.

QUINN, P. J. As a result of a motor vehicle accident January 4, 1963, involving a vehicle owned and operated by plaintiff Georgia Lee Haltom and one owned by Thomas Burleson and driven by Tommie Lou Burleson, Georgia Lee Haltom filed complaint for damages in Calhoun county circuit court. Her husband, John W. Haltom, Jr., joined his derivative suit in the same action. Later, plaintiffs' insurer was added as a plaintiff as subrogee on Haltoms' property damage claim. Defendants answered and a nonjury trial was had which resulted in a judgment for plaintiffs Haltom in the amount of $2,771.50 and for Emmco Insurance Company in the amount of $176.78. Defendants' motion for a new trial was denied and they appeal from the judgment and from denial of the new trial. Plaintiffs Haltom cross-appeal from the trial judge's negative finding that the accident caused an abortion experienced by Georgia Lee Haltom soon after the accident.

We do not accept defendants' statement of questions involved. The controlling issue on their appeal is whether the trial court's findings that defendant driver was negligent and that this negligence was a proximate cause of the accident were clearly erroneous. GCR 1963, 517.1. On their cross-appeal, plaintiffs concede the issue is whether the finding complained of was clearly erroneous.

About 6:15 on the evening of January 4, 1963, Georgia Lee Haltom left the Fort Custer area and proceeded east on Dickman Road toward Battle Creek. It was dark and there were snowbanks on both sides and in the center of Dickman Road, a 4-lane highway. The pavement was wet. Tommie Lou Burleson followed the Haltom car out of Fort Custer and east on Dickman Road. Both cars were traveling about 20–25 miles per hour and their headlights were on. Although there was room for passing in the eastbound lanes, such action was somewhat restricted by the snow in the center of the road. A deer jumped in front of the lead car and it braked but proceeded. The driver of the rear car saw the brake lights go on. Soon thereafter a second deer leaped in front of the Haltom car and again it braked. The Burleson driver saw the brake lights go on when she was about 1-1/2 car lengths from them. She turned left to pass and also braked her car but failed to pass or to avoid the Haltom car and a collision ensued.

The trial court found that driver Haltom was faced with a sudden emergency that caused her to stop suddenly but that she was not negligent in doing so. He further found that defendant driver was following about 30 feet behind at a speed of 29.3 feet per second, so that she had only about 1 second to observe, react and accomplish the reaction. He found this to be the negligence which caused the accident.

While much could be written on the application of presumption of negligence because of rear-end collision (CLS 1961, § 257.402 [Stat Ann 1960 Rev § 9.2102]), the assured clear distance rule (CLS 1961, § 257.627 [Stat Ann 1960 Rev § 9.2327]), the sudden emergency doctrine (*Houck* v. *Snyder* [1965], 375 Mich 392), as well as the authorities relied on

by the parties, we believe such writing would be merely academic and serve no purpose because the record supports the findings of the trial court rather than showing them to be clearly erroneous. GCR 1963, 517.1.

With respect to plaintiffs' claim on cross-appeal that the finding of the trial court with respect to the cause of Georgia Lee Haltom's abortion was clearly erroneous, we do not agree. The trial court found the proofs did not preponderate in favor of a finding that the accident caused the abortion. Thus he made the negative finding, "The court does not find that the accident caused the said abortion." Plaintiffs failed on their burden of proof as far as the trial judge was concerned, and we are unable to say he clearly erred in finding as he did.

Affirmed, but without costs, neither side having prevailed.

FITZGERALD and HOLBROOK, JJ., concurred.