## GOODMAN *v.* STAFFORD

1. AUTOMOBILES — EVIDENCE — MEDICAL — CONFLICT — NEGLIGENCE — INJURIES — JURY QUESTION.

A conflict in medical testimony as to whether plaintiff's injuries were of long standing or were proximately caused by defendants' automobile collision presented a question for the jury.

2. NEW TRIAL—DENIAL—DISCRETION—EVIDENCE—CONFLICT.

Denial of plaintiff's motion for a new trial was not an abuse of discretion where the evidence presented was in hopeless conflict and confusion and the jury under those circumstances could have concluded that plaintiff had not proved her case by a fair preponderance of the evidence.

3. AUTOMOBILES — NEGLIGENCE — VERDICT — EVIDENCE — MEDICAL EXPENSES — NECESSITY.

Jury verdict was not against the weight of the evidence where there was sufficient evidence, if believed by the jury, to justify the conclusion that medical expenses incurred by the plaintiff were unnecessary and that she had failed to prove that her injuries were proximately related to defendants' automobile collision.

4. AUTOMOBILES — NEGLIGENCE — JURY — VERDICT — EVIDENCE — CONFLICT.

Jury verdict was not based on considerations outside the evidence nor on confusion where the testimony was so conflicting

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 39 Am Jur 2d, Evidence §§ 1082, 1087, 1121, 1124.
[2] 39 Am Jur, New Trial § 134.
  5 Am Jur 2d, Appeal and Error § 887.
[3] 7, 8 Am Jur 2d, Automobiles and Highway Traffic §§ 336, 1006.
[5, 7] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 994, 1002, 1006.
[6] 7, 8 Am Jur 2d, Automobiles and Highway Traffic §§ 370, 371, 1011.
[8] 38 Am Jur, Negligence § 64.

that the jury was unable to determine whether the intersectional collision in which plaintiff was injured was caused by the sole negligence of one of two defendants, or both.

5. Automobiles — Negligence — Evidence — Liability — Establishment — Preponderance of Evidence.

How an automobile collision happened and whether it was caused by the negligence of one or more of the defendants must be established by a preponderance of the evidence.

6. Negligence—Independent Tortfeasors—Liability.

The rule that each tortfeasor who is independently guilty of tortious conduct which is a substantial factor in causing harm to another is liable for the entire harm, notwithstanding plaintiff's inability to apportion liability between such independent tortfeasors, is relevant only where the evidence demonstrates by a fair preponderance that each tortfeasor was an independent wrongdoer and the rule does not apply where there is sufficient evidence to support a conclusion that one of the tortfeasors is free from fault.

7. Negligence—Independent Tortfeasors—Liability—Evidence—Preponderance.

Requirement that plaintiff must first establish by a preponderance of the evidence that an automobile collision was caused by negligence of one or both defendants is based upon sound considerations of policy.

8. Negligence—Independent Tortfeasors—Liability—Fixation.

If more than one party may have participated in the act or acts in respect of which negligence is claimed, the trier of facts, before he can infer negligence and allow a recovery, must be able to fix the person against whom the negligence is to be inferred by some circumstances which irrefutably point the finger of liability to that person, for it is only on a definite basis such as this that a court is justified in taking the money of one man and giving it to another.

Appeal from Oakland, Clark J. Adams, J. Submitted Division 2 November 4, 1969, at Lansing. (Docket No. 5,210.) Decided December 9, 1969.

Complaint by Nina Goodman and Ernest Goodman against William O. Stafford, Thomas A. Ruddick and

Dorothy E. Ruddick for damages resulting from an automobile collision. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Ripple & Chambers* (*Sanford L. Steiner,* of counsel), for plaintiffs.

*Sauer & Girard,* for defendant William O. Stafford.

*Davidson, Gotshall, Halsey, Kohl, Nelson, Secrest & Wardle,* for defendants Thomas A. Ruddick and Dorothy E. Ruddick.

Before: J. H. GILLIS, P. J., and McGREGOR and V. J. BRENNAN, JJ.

J. H. GILLIS, P. J. Nina Goodman commenced suit against defendants Stafford and Ruddick for personal injuries allegedly received in an intersectional collision between cars driven by defendants. At the time of the accident plaintiff was a passenger for hire in defendant Stafford's car. After trial, the jury returned a verdict of no cause of action. Plaintiff's[1] motion for a new trial was denied and plaintiff appeals. On appeal, plaintiff contends that the denial of her motion for a new trial was error for the reason that the verdict was against the great weight of the evidence.

On December 18, 1964, plaintiff took her car to defendant Stafford's service station for repairs. Stafford, as was his practice, offered to take plaintiff to her destination, in his car, as the repairs were to take some time. It was about two o'clock in the after-

---

[1] Ernest Goodman, husband of Nina Goodman, also brought action against the same defendants. We refer to both parties as plaintiff throughout the opinion.

noon; the weather was clear and dry. Stafford proceeded south on Coolidge highway and attempted to turn left onto Eleven Mile road.

About the same time, defendant Ruddick was leaving a cleaners located south of Eleven Mile road on the east side of Coolidge. Ruddick's car was parked in the parking lane in front of the cleaners.

The collision occurred as defendant Stafford attempted to turn left onto Eleven Mile. At the same time, defendant Ruddick attempted to drive straight through the intersection going north on Coolidge.

The record discloses a sharp conflict between the parties as to which driver was at fault. Ruddick testified that as he proceeded north on Coolidge he saw Stafford's car either crawling or stopped in the left turn lane of the intersection. Ruddick stated that his light was green as he entered the intersection and Stafford had not yet started to turn. Then, according to Ruddick, Stafford suddenly turned left in front of Ruddick and the collision occurred.

Stafford testified that while his light was green he entered the intersection and came to a stop. After several cars had cleared the intersection, Stafford slowly moved forward, turning left at a slow rate of speed.

Plaintiff testified that just before the collision she observed Ruddick's car parked on the curb in front of the cleaners. According to plaintiff's testimony, while Stafford was in the process of turning left, Ruddick's car suddenly left the curb and entered the intersection striking Stafford's car.

The only witness to the collision besides plaintiff, Ruddick, and Stafford, was Jack Hancock. At the time of the accident he was stopped at the intersection, facing west on Eleven Mile. Hancock testified that Ruddick entered the intersection against a red

light.   He stated that when the light turned green
for Eleven Mile traffic, Stafford's car was in the in-
tersection turning left and no collision had occurred
at that time.   On cross-examination, however, Han-
cock admitted that after the accident he told an in-
vestigating police officer that Coolidge traffic had the
green light.

It is also evident from the record that there exists
a sharp conflict between the parties as to whether
plaintiff was injured as a result of the collision.  Im-
mediately after the accident, plaintiff stated that
she did not think she was injured.   Plaintiff suffered
no cuts, bruises, or bumps as a result of the accident.
Neither Ruddick nor Stafford was injured.   Plaintiff
was taken to a hospital where she was examined and
x-rayed without positive results.   Plaintiff was con-
scious and rational at the hospital and denied any
pain.

Plaintiff's physician testified that plaintiff suffered
a neck injury as a result of the accident.   There was
some evidence, however, of a pre-existing arthritic
condition which also produced pain and stiffness of
the neck.   It was also asserted that an earlier back
injury had been aggravated.

Defendant's physician testified that plaintiff was
suffering from psychological problems caused by an
earlier accident in 1954.   There was evidence that
plaintiff was suffering from traumatic neurosis
which caused her to react "out of proportion" when
questioned concerning alleged injuries.

Defendants contend that plaintiff's alleged injuries
were of long standing and not proximately caused
by the accident.   The record on this point suggests
the conclusion that the conflict of medical testimony
presented a major question for the jury.   *Cf. Rogers
v. City of Detroit* (1954), 340 Mich 291.

Plaintiff's contention that the verdict was against the great weight of the evidence was considered by the trial court upon plaintiff's motion for a new trial. Plaintiff's motion was addressed to the trial court's discretion, see *Teater* v. *Stratton* (1939), 288 Mich 302; *Oppenheim* v. *Rattner* (1967), 6 Mich App 554; *Prezzato* v. *Linington* (1969), 15 Mich App 523, and ordinarily an appellate court will not disturb the trial court's denial of a motion for new trail unless there has been a clear abuse of that discretion. *Hoven* v. *Hoven* (1967), 9 Mich App 168, and cases therein cited.

After a careful review of the record, we are not persuaded that the trial court abused its discretion in denying plaintiff's motion for a new trial. The evidence presented was in hopeless conflict and confusion. Under the circumstances, the jury could have concluded that plaintiff had not proved her case by a fair preponderance of the evidence. *Cf. Peterson* v. *Minneapolis Star-Tribune Co.* (1969), 282 Minn 264 (164 NW2d 621); *Murphy* v. *Terzako* (1951), 14 NJS 254 (82 A2d 1). Furthermore, there was sufficient evidence, if believed by the jury, to justify the conclusion that medical expenses incurred by plaintiff were unnecessary and that plaintiff had failed to prove injuries proximately related to the accident. *Barry* v. *Elkin* (1952), 332 Mich 427; *Haltom* v. *Burleson* (1967), 6 Mich App 89.

Plaintiff contends that the verdict was against the great weight of the evidence because either Ruddick, or Stafford, or both, was guilty of negligence; and, therefore, "this verdict must have been based on consideration outside the evidence or at best on confusion." We cannot agree.

In *Rogers* v. *City of Detroit, supra,* plaintiff, while a passenger in a taxicab, was injured in a collision between the cab and a bus. As in this case, both

drivers at trial asserted freedom from fault. The jury returned a verdict of no cause. On appeal, it was contended that the verdict was against the great weight of the evidence. Either the cab driver, or the driver of the bus, or both, was guilty of negligence. The verdict, it was argued, was a "compromise verdict." The Supreme Court affirmed a denial of plaintiff's motion for new trial. It was noted at 296:

"The verdict of the jury can be explained by the fact that the testimony was so conflicting that the jury was unable to determine whether the collision was caused by the sole negligence of the bus driver, or the cab driver, or both. The court properly instructed the jury that *the question as to how the accident happened and whether it was caused by the negligence of one or more must be established by a preponderance of the evidence.*" (Emphasis supplied.)

We are of the opinion that *Rogers* controls this case. The quoted language disposes of any contention that the verdict here could only have been based on confusion.

Plaintiff also contends that in the event the jury was unable to determine which defendant was negligent, a verdict should have been entered against both defendants Plaintiff relies on *Maddux* v. *Donaldson* (1961), 362 Mich 425.

In *Maddux,* it was held that each of two persons who is independently guilty of tortious conduct which is a substantial factor in causing a harm to another is liable for the entire harm, notwithstanding plaintiff's inability to apportion liability between two tortfeasors. The situation in the present case is distinguishable. Here, the evidence was sufficient to support a conclusion that one of the defendants was free from fault, whereas in *Maddux,* "what we have

is injury to plaintiffs resulting from the independent and *tortious acts of two tortfeasors.*" 326 Mich at 429 (Emphasis supplied.) The rule announced in *Maddux* is relevant only where the evidence, in the first instance, demonstrates by a fair preponderance that each defendant was a wrongdoer.

The requirement that plaintiff must first establish by a preponderance of the evidence whether the accident was caused by the negligence of one or both defendants, see *Rogers* v. *City of Detroit, supra,* is based upon sound considerations of policy. In *Petition of McAllister* (SD NY, 1931), 53 F2d 495, 501, the late Judge John Woolsey expressed the guiding principle:

"It is perfectly obvious that if more than one party may have participated in the act or acts in respect of which negligence is claimed, before the trier of facts can infer negligence and allow a recovery he must be able to fix the person against whom the negligence is to be inferred by some circumstances which irrefutably point the finger of liability to that person; for it is only on a definite basis such as this that a court is justified in taking the money of one man and giving it to another."

The trial court's denial of plaintiff's motion for a new trial is affirmed. Costs to appellees.

All concurred.