VANDER LAAN v. MIEDEMA

1. APPEAL AND ERROR—AUTOMOBILES—EVIDENCE—SUDDEN EMERGENCY—INSTRUCTIONS.
   Facts are accepted as they are on favorable view of the evidence and inferences therefrom to defendants where the controlling question on appeal is whether the evidence entitled defendants to the "sudden emergency" instruction given by the trial court in an automobile collision case in which a verdict of no cause of action was returned.

2. AUTOMOBILES — NEGLIGENCE — STATUTES — REAR-END COLLISION STATUTE — ASSURED-CLEAR-DISTANCE STATUTE — PRESUMPTION.
   Under the rear-end collision statute a rebuttable presumption arises that the offending driver is *prima facie* guilty of negligence; however, a violation of the assured-clear-distance statute constitutes negligence *per se* (MCLA §§ 257.402, 257.627).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 4–7] 8 Am Jur 2d, Automobiles and Highway Traffic § 1030.
  Instructions on sudden emergency in motor vehicle cases.  80 ALR2d 5.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 770–772, 773–777.
[3–7] 7 Am Jur 2d, Automobiles and Highway Traffic § 188.
  8 Am Jur 2d, Automobiles and Highway Traffic §§ 720, 721.
  Instructions on sudden emergency in motor vehicle cases.  80 ALR2d 5.

3. AUTOMOBILES — STATUTES — ASSURED-CLEAR-DISTANCE STATUTE
— SUDDEN EMERGENCY.

The assured-clear-distance statute must be "reasonably con-
strued", it is subject to qualification by the test of due or
ordinary care, exercised in the light of the attending conditions,
and is inapplicable when a collision is shown to have occurred
as the result of a sudden emergency not of the defendants'
own making (MCLA § 257.627).

4. AUTOMOBILES — NEGLIGENCE — ASSURED-CLEAR-DISTANCE STATUTE
— SUDDEN EMERGENCY — UNUSUAL SITUATION — UNSUSPECTED
SITUATION.

For the sudden emergency doctrine to apply to the assured-clear-
distance statute an "emergency" within the meaning of that
rule must have existed and the circumstances attending the
accident must present a situation that is "unusual or unsus-
pected" (MCLA § 257.627).

5. AUTOMOBILES — NEGLIGENCE — STATUTES — ASSURED-CLEAR-DIS-
TANCE STATUTE — SUDDEN EMERGENCY — UNUSUAL SITUATION —
UNSUSPECTED SITUATION.

The term "unusual" is employed, in the sudden emergency ex-
ception to the assured-clear-distance statute, in the sense
that the factual background of the case varies from the every-
day traffic routine confronting the motorist; "unsuspected" on
the other hand connotes a potential peril within the everyday
movement of traffic and to come within the narrow confines
of the emergency doctrine as "unsuspected" it is essential
that the potential peril had not been in clear view for any
significant length of time, and was totally unexpected (MCLA
§ 257.627).

6. AUTOMOBILES — NEGLIGENCE — EVIDENCE — SUDDEN EMERGENCY
— INSTRUCTIONS.

Evidence did not entitle defendants to a sudden emergency in-
struction as, even upon favorable view to defendants, no
"emergency" confronted defendants where the rear-end colli-
sion occurred during daylight hours on a dry, paved highway
thereby precluding the possibility that the surrounding cir-
cumstances made the situation "unusual", just prior to the
accident defendant-driver had been travelling only "two or
three car lengths, maybe four" behind plaintiff-driver's auto-
mobile, and the whole scene continued to be in actual view
at all times by defendant-driver except for a second or so when
he glanced in his rear-view mirror after hitting a bump in the
road.

7. New Trial—Appeal and Error—Automobiles—Damages—Assured-Clear-Distance Statute—Rear-End Collision Statute—Sudden Emergency.

> Michigan Court of Appeals erred in limiting a new trial to the question of damages where the record on appeal does not indicate whether the jury by its general verdict of no cause of action found the defendants free from negligence by reason of nonviolation of the assured-clear-distance and rear-end collision statutes, or that defendants violated the statutes but were excused by reason of the emergency doctrine, or that defendants were negligent but that such negligence was not a proximate cause of an automobile accident; as before the issue of damages can be reached, it must be established that defendants violated these statutes, that the resulting negligence was a proximate cause of plaintiff's injury; and these latter questions are questions of fact and as such should be submitted to the jury on re-trial (MCLA §§ 257.402, 257.627).

Appeal from Court of Appeals, Division 3, V. J. Brennan, P. J., and R. B. Burns and T. M. Burns, JJ., reversing and remanding Kent, John T. Letts, J. Submitted April 8, 1971. (No. 11 April Term 1971, Docket No. 52,759.) Decided July 7, 1971.

22 Mich 170 reversed.

Complaint by Robert Vander Laan and Dorothy Vander Laan against Robert Miedema and Stephen Jay Karsten to recover damages for injuries sustained in an automobile accident. Judgment for defendants. Plaintiffs appealed to the Court of Appeals. Reversed and remanded. Defendants appeal. Reversed and new trial granted.

*Mohney, Norris, Goodrich & Titta,* for plaintiffs.

*Cholette, Perkins & Buchanan* (by *Edward T. Wells*), for defendants.

T. M. Kavanagh, C. J. In this rear-end collision case the jury returned a verdict of no cause of

action.  Since the controlling question presented on
appeal is whether the evidence entitled defendants
to the "sudden emergency" instruction given by the
trial court, we accept the facts as they are on favor-
able view of the evidence and inferences therefrom
to defendants.[1]

The accident occurred on the morning of June 24,
1965, on Aberdeen Street, N. E., in the city of Grand
Rapids.  At the point of impact Aberdeen is a paved
two-lane, residential street with a 35 m.p.h. speed
limit.  Plaintiff-driver Dorothy Vander Laan's au-
tomobile was travelling between two Miedema Con-
struction Company (defendant) trucks, all three
vehicles proceeding in a westerly direction.  As the
vehicles approached an incline the lead truck slowed,
forcing Mrs. Vander Laan to do likewise.  At about
the same time the truck to the rear which was being
driven by defendant Stephen Jay Karsten at 20–25
m.p.h. crossed some bumps in the road.  To insure
that his load was still secure Karsten glanced in his
rear-view mirror for "just a second or so."[2]  When
he looked back the Vander Laan car was stopped
(or virtually so) in front of him.[3]  Although Kar-
sten swerved to his left, the right front fender of
the truck collided with the left rear portion of the
Vander Laan car, driving it off the road to the right
and into a mailbox.

The plaintiff, Dorothy Vander Laan and her hus-
band Robert, brought suit in Kent circuit court.  At
the conclusion of the trial, the Honorable John T.
Letts, in instructing the jury on the issue of defend-

---

[1] *McKinney* v. *Anderson* (1964), 373 Mich 414, 419; *Patzer* v.
*Bowerman-Halifax Funeral Home* (1963), 370 Mich 350, 354.

[2] Defendant Karsten's direct testimony.  Later, on cross-exami-
nation he said, "Probably just a second."

[3] Karsten testified that when he looked ahead, after glancing in
the mirror, and saw Mrs. Vander Laan's car it was "[P]robably
about fifteen, twenty feet" in front of him.

ant's liability discussed the assured-clear-distance[4] and rear-end collision[5] statutes. He added, at defendant's request and over plaintiffs' objection:[6]

"However, if you find that the defendant was confronted with a sudden emergency, not of his own making, and if you find that he used ordinary care and was still unable to avoid the violation because of such emergency, then, of course, his violation is excused."

Following the jury's verdict of no cause of action, plaintiffs' motion for a judgment n.o.v., or a new trial, based *inter alia* on lack of evidence of "sudden emergency," was denied.

On appeal plaintiffs sought a new trial asserting that the sudden emergency instruction was not supported by the evidence and should not have been given. The Court of Appeals agreed, reasoning that the sudden emergency rule required an extraordinary condition which was lacking in this case. 22 Mich App 170. "[T]he looking through a rearview mirror for one second, for whatever reason, is not a condition that excuses." 22 Mich App 178. Trial

---

[4] MCLA § 257.627 (Stat Ann 1968 Rev § 9.2327): "(a) Speed and distance ahead. Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other condition then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured, clear distance ahead."

[5] MCLA § 257.402 (Stat Ann 1968 Rev § 9.2102): "(a) In any action, in any court in this state when it is shown by competent evidence, that a vehicle traveling in a certain direction, overtook and struck the rear end of another vehicle proceeding in the same direction, or lawfully standing upon any highway within this state, the driver or operator of such first mentioned vehicle shall be deemed prima facie guilty of negligence. This section shall apply, in appropriate cases, to the owner of such first mentioned vehicle and to the employer of its driver or operator."

[6] Plantiiffs' counsel renewed his objection to the "sudden emergency" instruction in, the absence of the jury after the charge was completed.

on remand was limited to the issues of damages "[s]ince Karsten admits colliding with plaintiff's automobile, and the reason offered for his failure to stop in time is not one that would excuse him from liability [under the statutes]" (p 178). We granted leave to appeal. 384 Mich 753.

Although the parties have raised several issues, our answer to the following controls this case:

Was there evidence to support the sudden emergency instruction of the trial court?

Under the rear-end collision statute a rebuttable presumption arises that the offending driver is *prima facie* guilty of negligence. *Petrosky* v. *Dziurman* (1962), 367 Mich 539, 543; *Garrigan* v. *LaSalle Coca-Cola Bottling Company* (1961), 362 Mich 262, 263. However, a violation of the assured-clear-distance statute constitutes negligence *per se. McKinney* v. *Anderson, supra,* 419.

However, as we have previously indicated the assured-clear-distance statute must be "reasonably construed." *Sun Oil Company* v. *Seamon* (1957), 349 Mich 387, 411. As such, it is not applicable under all circumstances where it might otherwise be literally employed. Instead, it is subject to "qualification by the test of due or ordinary care, exercised in the light of the 'attending conditions.'" *Patzer* v. *Bowerman-Halifax Funeral Home, supra,* 353.

One such instance, where this statute is inapplicable, arises when a collision is shown to have occurred as the result of a sudden emergency not of the defendants' own making. *McKinney* v. *Anderson, supra.* Defendants urge us to apply that rule here. But, as far as our disposition of the present case is concerned, it must be recognized from a logical as well as from a legal point of view, that for the emergency doctrine to apply an "emergency" within

the meaning of that rule must have existed. See Annot., 80 ALR2d 5, 15.

To come within the purview of this rule the circumstances attending the accident must present a situation that is "unusual or unsuspected". *Barringer* v. *Arnold* (1960), 358 Mich 594, 599.

The term "unusual" is employed here in the sense that the factual background of the case varies from the everyday traffic routine confronting the motorist. Such an event is typically associated with a phenomenon of nature. A classical example of the "unusual" predicament envisioned by the emergency doctrine is provided by *Patzer* v. *Bowerman-Halifax Funeral Home, supra,* wherein the accident occurred amid an Upper Peninsula blizzard.

"Unsuspected" on the other hand connotes a potential peril within the everyday movement of traffic. To come within the narrow confines of the emergency doctrine as "unsuspected" it is essential that the potential peril had not been in clear view for any significant length of time, and was totally unexepected. A good example of this can be seen in *McKinney* v. *Anderson, supra,* where defendant rear-ended a plaintiff's car which had stopped while pushing a disabled vehicle on the highway. Coming over the crest of a hill, defendant first saw plaintiff's taillights when he was 400 feet away. However, defendant did not clearly see the peril of plaintiff's stopping until he was about 100–200 feet away, at which point it was too late to avoid a collision under the circumstances. Furthermore, the failure of the plaintiff to signal that he was stopping, coupled with the surrounding darkness, made the subsequent peril totally unexpected to the defendant.

The record in the instant case reveals that the accident occurred during daylight hours on a dry,

paved highway, thereby precluding the possibility that the surrounding circumstances made the situation "unusual". Just prior to the accident defendant Karsten had been travelling only "two or three car lengths, maybe four" behind the plaintiff, "probably" at a speed of 20–25 m.p.h. Karsten had just turned on to Aberdeen Street, and as indicated by his own testimony, the entire pre-accident setting was in his clear view. This included the hill, the first Miedema truck, which he knew was loaded, and the Vander Laan vehicle.

This whole scene continued to be in actual view at all times except for a "second or so" when Karsten glanced in his rear-view mirror after hitting a bump in the road. While the process of looking in the rear-view mirror may have interrupted defendant's actual view of the scene, he is still held to have had clear view.

Applying these principles of sudden emergency as we have defined it to the instant case, and even upon favorable view to defendants, we are unable to find any "emergency" confronting the defendants such as would entitle them to an instruction.

The trial transcript discloses that no special questions[7] were submitted to or answered by the jury. Thus, only a general verdict was rendered. Consequently, the record on appeal does not indicate whether the jury by its verdict of no cause of action found the defendants free from negligence by reason of nonviolation of these statutes; or that defendants violated these statutes but were excused by reason of the emergency doctrine; or that defendants were negligent, but that such negligence was not a proximate cause of the accident.

-----

[7] GCR 1963, 514.

Therefore, it was error for the Court of Appeals to limit the new trial to the question of damages. Before that issue can be reached, it must be established that defendants violated these statutes, and that the resulting negligence was a proximate cause of plaintiff's injury. *Vaas* v. *Schrotenboer* (1951), 329 Mich 642, 650. Furthermore, these latter questions are questions of fact and as such should be submitted to the jury on re-trial. *Martiniano* v. *Booth* (1960), 359 Mich 680, 687.

The judgments of the trial court and the Court of Appeals are reversed and a new trial granted. Neither party having completely prevailed, neither party shall have costs.

ADAMS, T. E. BRENNAN, T. G. KAVANAGH, SWAINSON and WILLIAMS, JJ., concurred with T. M. KAVANAGH, C. J.

BLACK, J., did not sit in this case.