*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

TAMMY HEADWORTH,

        Plaintiff-Appellant,

v

CHARLES WILLIAM KEMP,

        Defendant-Appellee.

UNPUBLISHED
April 23, 2020

No. 345088
Montcalm Circuit Court
LC No. 2015-019644-NI

Before: MARKEY, P.J., and JANSEN and BOONSTRA, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's judgment dismissing her case with prejudice. We vacate the judgment and remand for further proceedings.

## I.  PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant was driving on Baker Road near Greenville, Michigan. When he reached the intersection of Baker Road and M-91, he proceeded through a stop sign and continued into the intersection, colliding with a vehicle driven by plaintiff's husband. Plaintiff, who was in the front passenger seat, was injured.

Plaintiff brought this negligence action against defendant, and the case proceeded to a jury trial. At trial, defendant argued that foliage had prevented him from seeing the stop sign until he had nearly reached it. Further, defendant testified that as he approached the intersection, his dog, who was unrestrained in the back seat of his vehicle, suddenly jumped over the center console and onto the passenger-side floor. Defendant testified that he "automatically" looked and reached for the dog to make sure he was unharmed. He was not sure how long he looked down at the dog or what distance he traveled while he was looking at the dog. He did not recall applying his brakes. He testified that he did not see plaintiff's vehicle until the last second and that he was unable to stop before hitting it.

Defendant requested a jury instruction regarding the "sudden emergency" doctrine. Plaintiff filed a motion in limine to preclude such an instruction, which the trial court denied. At the end of the fifth day of trial, plaintiff moved for a directed verdict regarding defendant's

negligence, arguing that the sudden emergency doctrine did not apply and that defendant's negligence could be presumed because he had failed to stop at a posted stop sign.[1] The trial court denied plaintiff's motion and instructed the jury regarding the sudden emergency doctrine. The jury returned a special verdict finding that defendant was not negligent. Plaintiff subsequently filed a motion for judgment notwithstanding the verdict (JNOV) or for a new trial. The trial court denied the motion, albeit while noting that it disagreed with the jury's verdict and that, on further reflection, it probably should not have given the sudden emergency instruction. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo claims of instructional error. *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000). We also review de novo a trial court's decision on a motion for a directed verdict, *Aroma Wines & Equip, Inc v Columbian Dist Servs, Inc*, 497 Mich 337, 345; 871 NW2d 136 (2015), as well as on a motion for JNOV or a new trial, *Coble v Green*, 271 Mich App 382; 722 NW2d 898 (2006). We review for an abuse of discretion a trial court's decision on a motion in limine. *Bellevue Ventures, Inc v Morang-Kelly Investment, Inc*, 302 Mich App 59, 63; 836 NW2d 898 (2013). A trial court necessarily abuses its discretion when it makes an error of law. *Gentris v State Farm Mut Auto Ins Co*, 297 Mich App 354, 364; 824 NW2d 609 (2012).

## III. SUDDEN EMERGENCY DOCTRINE

Plaintiff argues that the trial court erred by instructing the jury on the sudden emergency doctrine, by denying her motion for a directed verdict on the issue of defendant's negligence, and by denying her motion for JNOV or a new trial. We agree that the trial court erred by instructing the jury on the sudden emergency doctrine, and by denying plaintiff's motion for a new trial because of that error; however, we disagree that plaintiff was entitled to a directed verdict or JNOV regarding defendant's negligence. Nevertheless, the trial court's error was not harmless and plaintiff is entitled to a new trial.

To establish negligence, a plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) breach of that duty, (3) causation, and (4) damages. *Id*. In Michigan, a violation of a penal statute such as MCL 257.649(8), which requires drivers to stop at a stop sign, creates a rebuttable presumption of negligence unless legally excused. *Zeni v Anderson*, 397 Mich 117, 136; 243 NW2d 270 (1976). If the presumption is not rebutted, a plaintiff is entitled to a directed verdict on the issue of a defendant's negligence. *Isabella County Dept of Social Services v Thompson*, 210 Mich App 612, 615; 534 NW2d 132 (1995). If, however, a defendant presents sufficient evidence to rebut the presumption, it no longer exists and the jury is free to infer from the facts at hand whether or not the defendant was negligent. See *State Farm v Allen*, 191 Mich App 18, 23; 477 NW2d 445 (1991).

---

[1] Plaintiff also moved for a directed verdict regarding whether her injuries constituted a serious impairment of body function, which the trial court granted.

The sudden emergency doctrine is one means of rebutting a presumption of negligence. It is a judicially created principle that originated with *Socony Vacuum Oil Co v Marvin*, 313 Mich 528, 546; 21 NW2d 841 (1946), in which our Supreme Court stated:

> One who suddenly finds himself in a place of danger, and is required to act without time to consider the best means that may be adopted to avoid the impending danger is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence.

For the sudden emergency doctrine to apply, the alleged emergency must be "unusual or unsuspected." *Vander Laan v Miedema*, 385 Mich 226, 232; 188 NW2d 564 (1971) (quotation marks and citation omitted). In this context, "unusual" means "that the factual background of the case varies from the everyday traffic routine confronting the motorist." *Id*. An unusual event "is typically associated with a phenomenon of nature" such as a sudden storm or blizzard. *Id*. "Unsuspected" means "a potential peril within the everyday movement of traffic." *Id*. For an event to be "unsuspected," it is necessary "that the potential peril had not been in clear view for any significant length of time, and was totally unexpected." *Id*. The doctrine applies "when a collision is shown to have occurred as the result of a sudden emergency not of the defendants' own making." *Id*. at 231.

In this case, defendant testified that his dog's movement was a completely unexpected event that caused him to take his eyes off the road and miss the stop sign.[2] He testified that his dog had never jumped from the back seat to the front seat before. As a matter of law, however, we conclude that this event did not constitute a sudden emergency.

Defendant testified that his dog's movement caused him to take his eyes off the road to see what had happened and to determine whether his dog was unharmed. But nothing about the event itself, as contrasted with defendant's response to it, would have caused any danger to defendant, his vehicle, or other motorists on the road. The event itself did not constitute an emergency or place defendant in "a place of danger" such that he was "required to act without time to consider the best means that may be adopted to avoid the impending danger." *Socony Vacuum Oil Co*, 313 Mich at 546. In *Vander Laan*, the defendant driver took his eyes off the road to glance in his rearview mirror in response to hitting a bump in the road; when he looked back, the vehicle ahead of him had stopped suddenly and his vehicle struck it. *Id*. at 233. Our Supreme Court was "unable to find any 'emergency' confronting the defendants such as would entitle them to an instruction [on the sudden emergency doctrine]." Similarly in this case, defendant removed his eyes from the road after his dog's movement caught his attention; when he looked back, he had failed to stop at a stop sign and had driven into the intersection. Like the Supreme Court in *Vander Laan*, we are unable to find any "emergency" in this case that would entitle defendant to a jury instruction regarding the sudden emergency doctrine.

---

[2] Defendant also argued that foliage and a dip in the road contributed to his failure to observe the stop sign from a further distance.

Moreover, defendant did not actually "act" in response to this event in the sense of altering the direction or speed of his vehicle; instead, he was merely distracted by it. And to the extent that defendant did "act" by continuing to drive forward without braking and while not looking at the road, not every action taken in response to a sudden emergency is excused. The sudden emergency doctrine is "a logical extension of the 'reasonably prudent person' rule," *Baker v Alt*, 374 Mich. 492, 495; 132 NW2d 614 (1965), in that it merely modifies the duty of due care on the basis of sudden, unexpected circumstances, *Vsetula v Whitmyer*, 187 Mich App 675, 680–681; 468 NW2d 53 (1991). We have found no case in which the sudden emergency doctrine has been applied to excuse a driver who, without applying his brakes and while approaching an intersection, looks away from the road in response to a sudden stimulus; indeed, the closest analogue to the events of this case, *Vander Laan*, found no emergency in similar circumstances.

Defendant argues that his dog's actions, combined with the characteristics of the roadway that he alleges to have obscured the stop sign, created a "lack of visibility" similar to that caused by the weather in *Patzer v Bowerman-Halifax Funeral Home*, 370 Mich 350, 358; 121 NW2d 843 (1963). However, the jury instruction at issue in *Patzer* allowed a finding that the defendant was not negligent if, despite the defendant's use of reasonable care, the accident occurred "because of the conditions over which he *had no control* and *which were not foreseeable*, such as a sudden blowing of the wind that hid from view the car ahead of him which suddenly slowed down, a thing that could not have been reasonably expected." *Id*. at 358 (emphases added). By contrast, here, defendant had control over the conditions in his car; he chose to bring his dog with him and leave him unrestrained. And, despite it having never happened before, it was hardly unforeseeable that an unrestrained dog might move around in a car or even jump from the back seat to the front seat. Contrary to defendant's argument, the issue is not whether defendant acted *negligently* in having his unrestrained dog in the back seat; rather, the dog's presence and the lack of restraint is relevant to the unusual or unexpected nature of the alleged emergency.

To the extent defendant argues that the alleged emergency, like the conditions in *Patzer*, was "unusual," we do not find that argument persuasive in light of the fact that the event was not related to a "phenomenon of nature," see *Vander Laan*, 385 Mich at 232-233 (stating that the accident occurred "during daylight hours on a dry, paved highway, thereby precluding the possibility that the surrounding circumstances made the situation 'unusual' ") and was not in the nature of a variance from an "everyday traffic routine." *Id*. The alleged emergency was also not "unsuspected." *Id*. at 232. As discussed, the dog's movement resulted in defendant being distracted and taking his eyes off the road for a brief time. Our Supreme Court has found no unexpected emergency in a similar situation. *Id*. And the movement of a pet inside of a car is far different, and far less unexpected, than the sudden leap of a wild animal in front of a car. See *Haltom v Burleson*, 6 Mich App 89, 91–92; 148 NW2d 252 (1967) (concluding that trial court had not clearly erred in finding that a driver was faced with a sudden emergency that caused her to brake after a deer jumped in front of her car).

For these reasons, we conclude that the trial court erred as a matter of law in providing the jury with a sudden emergency instruction regarding whether defendant's violation of a penal statute was excused. Nor do we find this error to be harmless. "[W]here an excuse or sudden emergency instruction has been improperly given, application of the harmless error rule has been limited to cases in which the jury resolved the issue of liability in plaintiffs' favor." *Jackson v Coeling*, 133 Mich App 394, 400-401; 349 NW2d 517 (1984), citing *Moore v Spangler*, 401 Mich

360, 383-384; 258 NW2d 34 (1977). We therefore vacate the judgment entered in defendant's favor. We decline, however, to hold that plaintiff is entitled to the entry of a directed verdict or JNOV on the issue of defendant's negligence. As discussed, defendant also asserted that the foliage and characteristics of the road rendered the stop sign undetectable until it was too late to stop. Reasonable minds could have differed on that factual question, and we will not resolve it here on appeal. *Aroma Wines*, 497 Mich at 345.

We vacate the judgment and remand for further proceedings consistent with this opinion.[3] We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Kathleen Jansen
/s/ Mark T. Boonstra

---

[3] Because we reverse on the issue of the sudden emergency instruction, we decline to consider plaintiff's argument that the jury's verdict was against the great weight of the evidence.