*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ARTHUR ORMONDE PRICE, JR.,

Plaintiff-Appellant,

v

SAMUEL ONEAL AUSTIN and L & B CARTAGE,
INC., doing business as OMNI QUALITY
INSPECTION SERVICES,

Defendants-Appellees.

UNPUBLISHED
April 30, 2020

No. 346145
Saginaw Circuit Court
LC No. 17-032666-NI

Before: O'BRIEN, P.J., and JANSEN and GLEICHER, JJ.

PER CURIAM.

In this third-party no-fault action, plaintiff appeals by delayed leave granted[1] the order granting summary disposition under MCR 2.116(C)(10) in favor of defendants on the basis of the sudden emergency doctrine. We affirm.

## I. FACTUAL BACKGROUND

This case arises out of an automobile accident that occurred on April 1, 2014, at approximately 8:00 p.m. in Richland Township, Michigan. Defendant-driver, Samuel O'Neal Austin, was driving a tractor-trailer in the eastbound lanes of M-46, a two-lane roadway with no median, in the scope and course of his employment with defendant L & B Cartage, Inc., doing business as Omni Quality Inspection Services. Suddenly, defendant-driver experienced a severe coughing fit and blacked out, causing the semi to cross over into the westbound lanes of M-46. The semi had made it almost to the westbound shoulder when it collided with plaintiff's vehicle. The semi came to its final resting place in a corn field several feet from the highway. Both drivers sustained injuries in the accident: defendant-driver was taken by ambulance to Covenant

---

[1] See *Price v L & B Cartage, Inc*, unpublished order of the Court of Appeals, entered March 27, 2019 (Docket No. 346145).

HealthCare Hospital in Saginaw, Michigan, and plaintiff was airlifted to Ascension St. Mary's Hospital in Saginaw, Michigan.

Plaintiff filed suit against defendants, alleging negligence and gross negligence, and seeking non-economic and excess economic damages. Following oral and written discovery, defendants moved for summary disposition under MCR 2.116(C)(10), arguing that the sudden emergency doctrine relieved them of liability. The trial court agreed, and in a written opinion and order, granted summary disposition in defendants' favor.

Plaintiff filed a delayed application for leave to appeal the trial court's decision in this court. This Court granted plaintiff's delayed application but limited the appeal "to the issues raised in the application and supporting brief." *Price v L & B Cartage, Inc*, unpublished order of the Court of Appeals, entered March 27, 2019.

## II. STANDARD OF REVIEW

We review a trial court's decision regarding a motion for summary disposition de novo. *Lowrey v LMPS & LMPJ, Inc.*, 500 Mich 1, 5-6, 890 NW2d 344 (2016). A motion for summary disposition brought under MCR 2.116(C)(10) "tests the factual sufficiency of the complaint," *Shinn v Mich Assigned Claims Facility*, 314 Mich App 765, 768, 887 NW2d 635 (2016), and should be granted when "there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law," *West v Gen Motors Corp*, 469 Mich 177, 183, 665 NW2d 468 (2003).

"The moving party has the initial burden to support its claim for summary disposition by affidavits, depositions, admissions, or other documentary evidence." *McCoig Materials, LLC v Galui Constr, Inc*, 295 Mich App 684, 693, 818 NW2d 410 (2012). The court must consider all of the admissible evidence in a light most favorable to the nonmoving party. *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 29, 772 NW2d 801 (2009). However, the party opposing summary disposition under MCR 2.116(C)(10) "may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Oliver v Smith*, 269 Mich App 560, 564, 715 NW2d 314 (2006) (quotation marks and citation omitted). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Bahri v IDS Prop Cas Ins Co.*, 308 Mich App 420, 423, 864 NW2d 609 (2014) (quotation marks and citation omitted). [*Lockwood v Twp of Ellington*, 323 Mich App 392, 400-401; 917 NW2d 413 (2018).]

## III. ANALYSIS

On appeal, plaintiff generally contests the trial court's determination that defendants were entitled to summary disposition on the basis of the sudden emergency doctrine. More specifically, plaintiff argues that in the trial court, defendants failed to present clear, positive, and credible

evidence sufficient to overcome the presumption of negligence that arises out of defendant-driver crossing the centerline and colliding head-on with plaintiff's vehicle. We disagree.

> [A] statutory presumption of negligence . . . may be rebutted by showing the existence of a sudden emergency. *Vander Laan v Miedema*, 385 Mich 226, 231; 188 NW2d 564 (1971). The sudden-emergency doctrine applies "when a collision is shown to have occurred as the result of a sudden emergency not of the defendants' own making." *Id.*, citing *McKinney v Anderson*, 373 Mich 414, 419; 129 NW2d 851 (1964). [*White v Taylor Distribution Co, Inc.*, 482 Mich 136, 139-140; 753 NW2d 591 (2008) (*White II*).]

"[A] sudden emergency sufficient to remove the statutory presumption must be 'totally unexpected.'" *Id.* at 140, quoting *Vander Laan*, 385 Mich at 232. "[I]t is essential that the potential peril had not been in clear view for any significant length of time[.]" *Vander Laan*, 385 Mich at 232. Essentially, the sudden emergency doctrine is "a logical extension of the 'reasonably prudent person' standard, with the question being whether the defendant acted as a reasonably prudent person when facing the emergency, giving consideration to all circumstances surrounding the accident." *White v Taylor Distributing Co, Inc*, 275 Mich App 615, 622; 739 NW2d 132 (2007) (*White I*), citing *Szymborski v Slatina*, 386 Mich 339, 341; 192 NW2d 213 (1971).

"When the trial court undertakes to eliminate from the jury's consideration a statutory presumption as a matter of law, at the very least there must be clear, positive, and credible evidence opposing the presumption." *White I*, 275 Mich app at 621-622, citing *Petrosky v Dziurman*, 367 Mich 539; 116 NW2d 748 (1962), and *Szymborski*, 386 Mich at 341, where our Supreme Court concluded that where evidence is less than clear, positive, and credible, the question of whether a statutory presumption can be overcome should be settled by a jury. Indeed, that defendant-driver, who was traveling eastbound crossed the centerline into the westbound lane of travel and struck plaintiff's vehicle as it was rightfully traveling westbound, creates a presumption of negligence. Thus, to be entitled to summary disposition as a matter of law, it is defendants' burden to present clear, positive, and credible evidence that defendant-driver suffered a sudden emergency, totally unexpected and not of his own making, and that he "acted as a reasonably prudent person when facing the emergency, giving consideration to all circumstances surrounding the accident." *White I*, 275 Mich App at 622.

Plaintiff uses the majority of his brief on appeal to highlight what he perceives to be inconsistencies in defendant-driver's statements relating to the symptoms he experienced immediately before blacking out. Indeed, defendant-driver reported slightly different symptoms in the days following the accident. Defendant-driver reported to officers at the scene, and testified in his deposition, that he experienced a violent coughing fit before blacking out. Comparatively, defendant-driver reported to his treating physicians that he felt a twinge in his chest, or crushing chest pain, and then blacked out.

However, what plaintiff fails to appreciate is that defendant-driver consistently maintained that all of his symptoms came on suddenly and with no advanced warning before defendant-driver was rendered unconscious. Moreover, the physical evidence in this case is clear that defendant-driver never applied the brakes: there were no pre-collision skid marks at the scene, and the satellite

GPS log from the semi, indicated that defendant-driver never braked. The physical evidence supports defendant-driver's position that he experienced a sudden medical emergency.

Plaintiff also argues that a reasonably prudent person with defendant-driver's cardiac history would not have been driving a semi. However, defendant-driver had undergone rigorous testing as recently as 2013 in order to recertify his Class A driving endorsement. Additionally, there is no evidence in the record to even suggest defendant-driver had experienced any cardiac symptoms contemporaneously to the accident, or that defendant-driver had ever experienced an episode of sudden unconsciousness.

In sum, defendant-driver presented ample evidence that he experienced some type of syncopal episode while driving without any advance notice, and that he was entitled to rebut the presumption of negligence as a matter of law. In response, plaintiff failed to identify anything in the existing record, or to offer any new evidence, to show that defendant-driver could have done anything differently to avoid the accident that occurred here, or that any genuine issue of material fact remained to submit to a jury. Thus, we conclude that the trial court properly granted summary disposition in favor of defendants on the basis of the sudden emergency doctrine.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Kathleen Jansen