*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF YOUNG HOMRICH, by DANI
HOMRICH, Personal Representative,

      Plaintiff-Appellant,

v

SELECTIVE INSURANCE COMPANY OF
AMERICA,

      Defendant,

and

CHRISTOPHER FOLTS, TRADD VAUTER, and
MARLA VAUTER,

      Defendants-Appellees.

UNPUBLISHED
September 24, 2020

No. 346583
Oakland Circuit Court
LC No. 2018-162962-NI

Before: RIORDAN, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

In this negligence action, plaintiff, the Estate of Young Homrich, by Dani Homrich, personal representative (the estate), appeals as of right the trial court's order granting summary disposition to defendants, Tradd Vauter, Marla Vauter, and Christopher Folts under MCR 2.116(C)(10) (no genuine issue of material fact). The estate also challenges the trial court's denial of the estate's motion to compel the production of a recorded witness statement. We affirm.

## I. FACTS & PROCEDURAL HISTORY

This action arises out of two motor vehicle collisions that resulted in Young Homrich's (Young) death. Around 5:30 a.m. on September 28, 2016, Folts was driving westbound on Auburn Road. The sun had not risen at the time, and the roadway was unlit and lined with three-foot tall recycle bins. As Folts crested a hill, his vehicle struck the 4′ 8″ Young as she was attempting to cross the street between the recycle bins at a location without a crosswalk. Folts stopped his

-1-

vehicle, activated his hazard lights, and then called 911 for assistance. Robert Gudenau (Gudenau), who was driving several car lengths behind Folts when the collision occurred, avoided hitting Young by turning off the street into a nearby entryway. Two pedestrians, Robert Adams (Robert) and Patricia Adams (Patricia), heard the collision and rendered assistance by signaling to oncoming traffic to slow down by waving flashlights they had with them during their early morning walk. Tradd then approached the scene of the collision in his car. As Tradd crested the hill, he noticed Folts's side mirror lying in the westbound lane. He veered toward the right shoulder to avoid the mirror and saw Folts's vehicle was stopped on the right shoulder with its hazard lights flashing. Tradd then veered toward the left side of the westbound lane to avoid the vehicle. At that point, Tradd's vehicle struck Young who was lying in the roadway. Young died as a result of her combined injuries from both vehicles hitting her.

After engaging in discovery, the estate filed a motion to compel Folts to produce a recorded statement that Gudenau provided to Folts's insurance provider after the collision occurred. The trial court denied the motion because Gudenau's recorded statement was subject to the work-product doctrine. Folts and the Vauters both filed motions for summary disposition under MCR 2.116(C)(10), which the trial court granted. The trial court concluded that there was no genuine issue of material fact regarding whether Folts or Tradd were negligent, and, therefore, Michigan's comparative fault statute barred the estate from recovering. This appeal followed.

## II. ANALYSIS

The estate first argues that the trial court committed error requiring reversal when it granted summary disposition in favor of Folts. We disagree.

We review de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Id*. at 160. When considering a motion under MCR 2.116(C)(10), the trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. *Id*. A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. *Id*. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. *Id*.

"To establish a prima facie case of negligence, a plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages." *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000) (citation omitted). A driver of a motor vehicle generally owes a duty to pedestrians to exercise ordinary and reasonable care in the operation of his or her motor vehicle. *Zarzecki v Hatch*, 347 Mich 138, 141; 79 NW2d 605 (1956). In doing so, a driver must make reasonable allowances for traffic, weather, and road conditions. *DePriest v Kooiman*, 379 Mich 44, 46; 149 NW2d 449 (1967). Moreover, a driver has a statutory duty not to drive at a speed greater than that "which will permit a stop within the assured, clear distance ahead." MCL 257.627(1). Violation of the statute constitutes negligence per se unless a driver is presented with a sudden emergency not of his or her own making. *Vander Laan v Miedema*, 385 Mich 226, 231; 188 NW2d 564 (1971). In order for the sudden emergency doctrine to apply, "it is essential that the potential peril had not been in clear view for any significant length of time, and was totally unexpected." *Id*. at 232.

"The question of whether a defendant has breached a duty of care is ordinarily a question of fact for the jury and not appropriate for summary disposition." *Latham v Nat'l Car Rental Sys, Inc*, 239 Mich App 330, 340; 608 NW2d 66 (2000) (citation omitted). "However, when the moving party can show either that an essential element of the nonmoving party's case is missing, or that the nonmoving party's evidence is insufficient to establish an element of its claim, summary disposition is properly granted[.]" *Id*. (citation and quotation marks omitted).

At the time of the collision, Folts was driving westbound on Auburn Road before sunrise. Auburn Road was unlit and large recycle bins were lining the roadway. Folts was driving at or below the speed limit, which was 50 miles per hour, and there was no evidence that Folts was distracted by his cellular phone or the radio as he was driving. The nearest crosswalks were located approximately ½ mile away from the location of the collision. The headlights on Folts's vehicle were operational, and they were on at the time of the collision. Young was less than 5 feet tall, and she was wearing dark clothing with the possible exception of a red baseball cap. As Folts crested a hill, Young ran in front of Folts's vehicle in the westbound lane of Auburn Road. Folts saw a flash of color as this occurred, swerved to the left, but was unable to avoid hitting Young.

We agree with the trial court as there is no genuine issue of material fact that Folts was not negligent. Based on this evidence, we conclude that Folts was confronted with a sudden emergency, and there is no question of fact as to whether Folts breached his duty under MCL 257.627(1) because the potential peril was not in clear view for any significant length of time, and it was totally unexpected. Additionally, Young was wearing dark clothing on an unlit roadway before sunrise when she suddenly ran into Auburn Road at a location without a crosswalk and without yielding to oncoming vehicles. After investigating the scene of the collision, two Oakland County Sheriff's Deputies concluded that Young was 100% at fault, and there is no evidence that Folts was distracted or otherwise inattentive. Thus, there is no genuine issue of material fact regarding whether Young was more than 50% at fault for the collision, and trial court properly concluded that the estate is barred from recovery under MCL 500.3135(2)(b).

The estate relies on Gudenau's testimony and the actions he took subsequent to seeing Young on the sidewalk to support the assertion that Folts breached his duty to exercise ordinary and reasonable care in the operation of his motor vehicle. The estate speculates that Folts must have been distracted or inattentive at the time of the collision. Gudenau testified that he was driving several car lengths behind Folts when he saw Young on the sidewalk. As soon as Gudenau saw Young, she started running toward the road. Because Gudenau was several car lengths behind Folts, he was able to avoid hitting Young by turning into a trailer park entryway while traveling approximately 40 miles per hour. Gudenau did not testify that Folts appeared to be distracted or that Folts could have avoided hitting Young. In fact, Gudenau opined that Folts could not have avoided the collision with Young. Thus, Gudenau's testimony did not create a question of fact as to whether Folts breached his duty.

The estate also relies on the affidavit of a purported expert witness, Dr. Daniel G. Lee, to support the assertion that there was a question of fact regarding whether Folts breached his duty. Dr. Lee opined that Young was visible for 2.2 seconds before the collision, and the estate argues that Folts should have been able to avoid the collision in that amount of time. "Summary disposition is not precluded simply because a party has produced an expert to support its position." *Amorello v Monsanto Corp*, 186 Mich App 324, 331; 463 NW2d 487 (1990). "[P]arties opposing

a motion for summary disposition must present more than conjecture and speculation to meet their burden of providing evidentiary proof establishing a genuine issue of material fact." *Libralter Plastics, Inc v Chubb Group of Ins Cos*, 199 Mich App 482, 486; 502 NW2d 742 (1993). Dr. Lee's conclusion was based on the unfounded premise that Folts's view of Young was not obstructed during the period in which Young ran into the road. The evidence showed that it was dark out, the road was unlit, Young was wearing dark clothing, Young was small in stature, standing only 4′ 8″, and the roadway was lined with three-foot tall recycle bins when the collision occurred. These factors may have obstructed Folts's view of Young, and it cannot be assumed that a driver would have an unobstructed view of Young as she ran into the roadway. Thus, Dr. Lee's conclusion was based on speculation and his affidavit presented mere legal conclusions based upon the allegations in the complaint. Accordingly, Dr. Lee's affidavit fails to establish a question of fact regarding whether Folts breached his duty. *Id.*

The estate next argues that Folts breached his duty when he failed to alert oncoming traffic of the collision with Young. Immediately after the collision, Folts stopped his vehicle on the side of the roadway and activated his hazard lights. As Folts then dialed 911 to report the collision, Robert and Patricia attempted to alert oncoming traffic of the collision with their flashlights. Folts briefly spoke with Robert and Patricia, and he was aware that they were signaling oncoming traffic. Thus, there is no evidence that Folts breached any duty in this regard.

The estate next argues that the trial court improperly granted the Vauters' motion for summary disposition. We disagree.

Tradd was driving at or below the posted speed limit with his headlights on. He did not see Young lying in the road or Robert and Patricia standing on the shoulder signaling with their flashlights to slow down, but he saw Folts's mirror in the road and Folts's vehicle stopped on the shoulder with its hazard lights flashing. Upon observing those hazards, Tradd veered to avoid them but did not slow down. Based on this evidence, a reasonable juror could conclude that Tradd breached his duty by failing to exercise ordinary and reasonable care. *Huggins v Scripter*, 469 Mich 898, 898; 669 NW2d 813 (2003). Additionally, the presence of those hazards and Tradd's admitted observation of them creates a factual issue regarding whether it was totally unexpected for Young to be lying injured in the road when Tradd struck her, and thus, whether Tradd breached his statutory duty under MCL 257.627(1). *Vander Laan*, 385 Mich at 232. Nonetheless, summary disposition was properly granted because, as discussed above, there was no genuine issue of material fact as to whether Young was more than 50% at fault for the collision. MCL 500.3135(2)(b).

The estate next argues that the trial court abused its discretion when it denied the estate's motion to compel Folts to produce Gudenau's recorded statement. Again, we disagree.

We review the grant or denial of a discovery motion for an abuse of discretion which occurs when the trial court's decision falls outside the range of reasonable and principled outcomes. *D'Alessandro Contracting Group, LLC v Wright*, 308 Mich App 71, 76; 862 NW2d 466 (2014). Statements are generally subject to the work-product doctrine protects "documents and tangible things ... prepared in anticipation of litigation or for trial by or for another party or another party's representative." MCR 2.302(B)(3); *Leibel v General Motors Corp*, 250 Mich App 229, 244-245; 646 NW2d 179 (2002). Work product is prepared in anticipation of litigation if the prospect of

-4-

litigation is identifiable, either because of the facts of the situation or the fact that claims have already arisen. *D'Alessandro*, 308 Mich App at 78. The work-product doctrine does not require that the disputed material was prepared only after a specific claim has arisen. *Id*. In order for the work-product doctrine to apply, the materials subject to the privilege must pertain to more than just objective facts. *Id*.

Gudenau's recorded statement was prepared by a representative of Folts's insurance provider, Frankenmuth Insurance Company, and MCR 2.302(B)(3)(a) specifically provides that the work-product doctrine applies to materials prepared in anticipation of litigation by a party's insurer. At the time Gudenau's statement was taken, the prospect of litigation was identifiable because the facts of the situation had already arisen, and a fatal motor vehicle accident generally gives rise to the prospect of litigation. Furthermore, the recorded statement contained more than objective facts because it also included the questions posed by a representative of Frankenmuth Insurance Company. Thus, the work-product doctrine was applicable, and Gudenau's statement was subject to discovery only upon a showing that the estate had substantial need for the materials in the preparation of the case and was unable without undue hardship to obtain the substantial equivalent of the materials by other means. MCR 2.302(B)(3)(a).

The estate argues that it demonstrated substantial need for Gudenau's recorded statement because the statement was made when Gudenau's memory regarding the collision was more precise. Additionally, the estate argues that it demonstrated that it was unable to obtain a substantial equivalent of the recorded statement because nearly two years had elapsed since the collision, and Gudenau's memory had faded. We disagree.

At the time the estate sought production of Gudenau's recorded statement, the estate had access to the Oakland County Sheriff's Office Traffic Crash Report which summarized the statement that Gudenau provided on the date of the collision and the written statement that Gudenau provided to the sheriff's department on the date of the collision—both of which were both consistent with the testimony Gudenau provided during his deposition. Furthermore, Gudenau stated at his deposition that he told the insurance representative the same information that he provided during his deposition, and he opined that his recollection of the events was not more accurate at the time he spoke with the insurance representative. Moreover, the estate had the opportunity to examine Gudenau regarding his memory of the events during his deposition. Based upon the foregoing, the trial court did not abuse its discretion when it denied the estate's motion to compel Folts to produce Gudenau's recorded statement.

## III. CONCLUSION

The trial court properly granted summary disposition because there was no genuine issue of material fact regarding whether Folts was negligent, and there was no genuine issue of material fact regarding whether Young was more than 50% at fault. Additionally, the trial court did not abuse its discretion when it denied the estate's motion to compel Folts to produce Gudenau's recorded statement. Accordingly, we affirm.

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien

-5-