*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NATHAN SCHLICKER, Personal Representative of
the ESTATE OF MICHAEL SCHLICKER,

        Plaintiff-Appellant,

v

FREDERICK KANICKI,

        Defendant-Appellee.

UNPUBLISHED
December 05, 2025
9:00 AM

No. 371043
Bay Circuit Court
LC No. 2023-003628-NI

Before: K. F. KELLY, P.J., and PATEL and FEENEY, JJ.

K. F. KELLY, P.J. (*dissenting*).

I respectfully dissent from the majority's decision to reverse the trial court's grant of summary disposition. I would affirm the trial court's order based on application of the sudden-emergency doctrine because there is no genuine issue of material fact regarding whether the collision was the result of an unsuspected peril.

As the majority summarizes, this case involves a wrongful-death action arising from an automobile and pedestrian collision. On the evening of December 31, 2021, defendant was driving his motor vehicle westbound on Munger Road. The decedent was attempting to cross Munger Road on foot when defendant's vehicle struck the decedent, resulting in his death. Defendant's son, Craig Kanicki, was in the passenger seat of defendant's vehicle at the time of the collision. The accident was also witnessed by Lisa VanWormer and her daughter, Emma VanWormer (collectively, the "VanWormers"), while Emma was attempting to drive out of the parking lot of JB's Market, which is located across the street from the decedent's residence. Deputy Brett Dobbins with the Bay County Sheriff's Department also interviewed the witnesses and conducted his own review of video-camera footage depicting the collision. The trial court granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(10), reasoning that there was no genuine issue of material fact that the sudden-emergency doctrine applied, and that plaintiff was barred from recovery based on the decedent's comparative fault.

To establish a claim of common-law negligence, a plaintiff must prove: "(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered

damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). "The question whether a defendant has breached a duty of care is ordinarily a question of fact for the jury and not appropriate for summary disposition." *Latham v Nat'l Car Rental Sys, Inc*, 239 Mich App 330, 340; 608 NW2d 66 (2000). However, summary disposition is properly granted "when the moving party can show either that an essential element of the nonmoving party's case is missing, or that the nonmoving party's evidence is insufficient to establish an element of its claim . . . ." *Id*.

Generally, a driver of a motor vehicle has a duty to exercise ordinary and reasonable care in the operation of vehicle, "that is, that degree of care and caution which an ordinarily careful and prudent person would exercise under the same or similar circumstances." *Zarzecki v Hatch*, 347 Mich 138, 141; 79 NW2d 605 (1956). "[A]utomobile drivers must notice persons in the street, must use reasonable and ordinary care not to run down pedestrians on the highway, [and] must obey statutes governing the use of automobiles . . . ." *Birkhill v Todd*, 20 Mich App 356, 360; 174 NW2d 56 (1969) (citations omitted). Pedestrians also have their own respective duties and "must take such care for [their] own safety as a reasonable, careful, prudent person would do under similar circumstances." *Malone v Vining*, 313 Mich 315, 321; 21 NW2d 144 (1946) (quotation marks and citation omitted).

Under MCL 257.627(1), the assured-clear-distance statute, a driver has a statutory duty to "not operate a vehicle on a highway at a speed greater than that which will permit a stop within the assured, clear distance ahead." "[A] violation of the assured-clear-distance statute constitutes negligence per se." *Vander Laan v Miedema*, 385 Mich 226, 231; 188 NW2d 564 (1971). However, MCL 257.627(1) is inapplicable "when a collision is shown to have occurred as the result of a sudden emergency not of the defendants' own making." *Id*. For the sudden-emergency doctrine to apply, the circumstances of the accident must either be "unusual" such that they vary from routine traffic conditions, or constitute an "unsuspected" peril within routine traffic conditions. *Id*. at 232. "To come within the narrow confines of the emergency doctrine as 'unsuspected' it is essential that the potential peril had not been in clearview for any significant length of time, and was totally unexpected." *Id*.

In this case, the trial court concluded that there was no genuine issue of material fact that the sudden-emergency doctrine applied, and consequently, that defendant did not breach his duty to maintain an assured clear distance. This conclusion was supported by the testimony of every single eyewitness regarding the unexpectedness and suddenness of the decedent's presence in front of defendant's vehicle. The trial court's conclusion was also supported by testimony regarding the absence of a crosswalk in the area, dark conditions at the time of the collision, the decedent's location in the roadway at the time of impact, and the decedent's dark clothing. Given the relevant testimony, there is no genuine issue of material fact that the decedent "had not been in [the defendant's] clearview for any significant length of time," and that the collision "was totally unexpected." *Id*. The trial court did not err by concluding that the sudden-emergency doctrine applied.

Other than the fact that defendant collided with a pedestrian, there is no evidentiary basis to conclude that defendant breached his general duty of operating his vehicle with ordinary and reasonable care, see *Zarzecki*, 347 Mich at 141, or his statutory duty under MCL 257.627(1). See

also *Clark v K-Mart Corp*, 242 Mich App 137, 140; 617 NW2d 729 (2000) ("The mere occurrence of an accident is not, in and of itself, evidence of negligence."), rev'd on other grounds 465 Mich 416 (2001). Witness testimony indicated that defendant was not speeding and had his headlights activated. Further, defendant and Craig testified that defendant was not using his cell phone, and was not distracted by Craig or any passing headlights in the moments before the accident.

Plaintiff contends, and the majority agrees, that there is a genuine issue of material fact regarding whether the decedent was in clear view for a significant length of time given the VanWormers' observation of the decedent crossing the road and discrepancies in defendant's testimony, such as the decedent's direction of travel and defendant's ability to react to the decedent's presence. While these discrepancies exist in the record, in my view, they do not create a dispute of *material* fact regarding application of the sudden-emergency doctrine.

The discrepancies do not change the relevant details of the witness testimony. While plaintiff emphasizes that the VanWormers saw the decedent leave his house, approach the road, and cross the street for a period of 10 to 30 seconds before the collision, this testimony does not establish that defendant necessarily saw, or could have seen with reasonable care, the decedent for that same period of time. Defendant and Craig testified they did not see the decedent until the accident occurred. Further, even having witnessed the decedent cross the street, the VanWormers opined that defendant could not have avoided the collision.

The majority recognizes as speculative the VanWormers' assertion that defendant was unable to avoid the collision, however, plaintiff's assertion that defendant had the opportunity to observe the decedent is equally speculative. While plaintiff's explanation for the collision may be consistent with facts in evidence, it is "not deducible from them as a reasonable inference," rendering it impermissible conjecture. *Karbel v Comerica Bank*, 247 Mich App 90, 99; 635 NW2d 69 (2001) (quotation marks and citation omitted). See *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996) (noting that a plaintiff may not rely on mere allegations but must set forth specific facts showing a genuine issue of material fact). Plaintiff therefore failed to produce evidence to establish a breach of duty, making summary disposition proper. See *Latham*, 239 Mich App at 340 (noting that summary disposition is proper where a plaintiff's evidence is insufficient to establish an element of his or her claim).

Because I would conclude that the trial court's grant of summary disposition was proper based on plaintiff's failure to establish the element of breach under the sudden-emergency doctrine, I would affirm the trial court's order without reaching the issue of comparative fault.

/s/ Kirsten Frank Kelly