*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

YERIKA ALEJO,

Plaintiff-Appellant,

v

GURPREET SINGH and GIGG EXPRESS, INC.,

Defendants-Appellees,

and

ARMOND DANIEL PRICE and SIERRE PRICE,

Defendants.

UNPUBLISHED
December 08, 2025
10:30 AM

No. 374558
Monroe Circuit Court
LC No. 23-146106-NI

Before: KOROBKIN, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

In this negligence action arising from a motor vehicle accident, plaintiff, Yerika Alejo, appeals by right the trial court's order granting summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) in favor of defendants, Gurpreet Singh and GIGG Express, Inc.[1] Plaintiff argues that the trial court misapplied the sudden-emergency doctrine. For the reasons set forth in this opinion, we disagree with plaintiff, and therefore affirm.

## I. BACKGROUND AND FACTS

On May 24, 2022, at approximately 10:30 p.m., Singh, in his capacity as an employee of GIGG Express, Inc., was driving a semitruck northbound in the middle lane of the I-75 expressway when he rear-ended a vehicle in which plaintiff was the passenger. Both plaintiff and the vehicle's

---

[1] For purposes of this opinion, "defendants" refers only to Singh and GIGG Express, Inc. The parties stipulated to dismiss with prejudice all claims against two other defendants, Armond Price and Sierre Price.

driver suffered significant injuries and neither has any recollection of the accident. Singh indicated at his deposition that it was dark and the road was unlit, traffic was generally moving unimpeded, and he was traveling at about 55 miles per hour when he suddenly observed the brake lights of a vehicle immediately in front of him that was traveling so slowly that it was essentially stopped on the expressway. Singh testified that the vehicle appeared so quickly that he did not get "the chance to completely avoid the crash" although he attempted to stop and swerve left to avoid a collision.

Singh's deposition testimony was largely corroborated by dashcam video footage of the incident recorded from a truck that was traveling in the lane to Singh's right. The footage shows that as the passenger vehicle came into view just seconds before the crash, it was barely moving—perhaps idling—and its taillights were dim. About a second before the crash, its brake lights were activated, at which point Singh's brake lights also lit up and the crash occurred. It is unclear why the passenger vehicle was moving so slowly or braking suddenly, as there did not appear to be other braking traffic ahead of it or any other indication that traffic would be stopped or slow-moving along the expressway.

Defendants moved for summary disposition under MCR 2.116(C)(10), contending that, under the sudden-emergency doctrine, Singh was not negligent and that, accordingly, GIGG Express, Inc., was not vicariously liable. Following a hearing, the trial court granted defendants' motion, agreeing with defendants that the sudden-emergency doctrine applied because the passenger vehicle was effectively "stopped . . . in the middle of an unlit expressway," "no reasonable jury could find that one second was enough time to take any action," and Singh acted reasonably because he was traveling at 55 miles per hour and attempted to avoid the collision. This appeal followed.

## II. STANDARD OF REVIEW

"This Court reviews de novo the grant or denial of a motion for summary disposition to determine if the moving party is entitled to judgment as a matter of law." *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020) (quotation marks and citation omitted).

> A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) when the affidavits or other documentary evidence, viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law. [*Id*. (quotation marks and citation omitted).]

"A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Piccione v Gillette*, 327 Mich App 16, 19; 932 NW2d 197 (2019) (quotation marks and citation omitted).

## III. ANALYSIS

Plaintiff contends that the trial court erred by granting defendants' motion for summary disposition because it misapplied applied the sudden-emergency doctrine and there are questions of fact that would allow a jury to find that Singh was negligent. We disagree.

A statutory presumption of negligence arises when a vehicle rear-ends another vehicle. MCL 257.402(a) provides, in relevant part:

> In any action, in any court in this state when it is shown by competent evidence, that a vehicle traveling in a certain direction, overtook and struck the rear end of another vehicle proceeding in the same direction, or lawfully standing upon any highway within this state, the driver or operator of such first mentioned vehicle shall be deemed prima facie guilty of negligence. This section shall apply, in appropriate cases, to the owner of such first mentioned vehicle and to the employer of its driver or operator.

However, this presumption "may be rebutted with a showing of an adequate excuse or justification under the circumstances," *White v Taylor Distrib Co, Inc*, 275 Mich App 615, 621; 739 NW2d 132 (2007) (quotation marks and citation deleted), aff'd 482 Mich 136 (2008), including when a rear-end collision "occurred as the result of a sudden emergency not of the defendants' own making," *Vander Laan v Miedema*, 385 Mich 226, 231; 188 NW2d 564 (1971).

A statutory presumption of negligence can also arise under the assured-clear-distance statute, MCL 257.627(1), which provides, in relevant part:

> An individual operating a vehicle on a highway shall operate that vehicle at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface, and width of the highway and of any other condition existing at the time. An individual shall not operate a vehicle on a highway at a speed greater than that which will permit a stop within the assured, clear distance ahead.

A violation of MCL 257.627 constitutes negligence per se, but the statute is to be reasonably construed and does not apply to all circumstances. *Vander Laan*, 385 Mich at 231. Specifically, just as the presumption of negligence in a rear-end collision can be rebutted, MCL 257.627 is inapplicable when a collision occurs as a result of a "sudden emergency" not caused by the defendant. *Id*.

The sudden-emergency doctrine applies only when the circumstances comprising the emergency are "unusual or unsuspected." *Id*. at 232 (quotation marks and citation omitted). In this context, "unusual" means that the circumstances causing the accident "varie[d] from the everyday traffic routine confronting the motorist," and "unsuspected" means that "the potential peril had not been in clearview for any significant length of time, and was totally unexpected." *Id*. The crux of the sudden-emergency analysis is "whether the defendant acted as a reasonably prudent person when facing the emergency, giving consideration to all the circumstances surrounding the accident." *White*, 275 Mich App at 622. And "[w]hen the trial court undertakes to eliminate from the jury's consideration a statutory presumption as a matter of law, at the very least there must be clear, positive, and credible evidence opposing the presumption." *Id*. at 621.

Here, the trial court did not err by granting defendants' motion for summary disposition. The trial court properly applied the sudden-emergency doctrine; reviewing the record in the light most favorable to plaintiff, we agree with the trial court that reasonable minds could not differ,

*Piccione*, 327 Mich App at 19, in determining that the circumstances comprising the sudden emergency in this situation were "unusual or unsuspected," *Vander Laan*, 385 Mich at 232. The dashcam footage shows the sudden appearance of the extremely slow-moving passenger vehicle on the unlit expressway at night mere seconds before the collision. In other words, the passenger vehicle "had not been in clearview for any significant length of time, and was totally unexpected." *Id.* Further, Singh testified that he was traveling at or near the speed limit and still could not avoid colliding with the vehicle in front of him, despite his attempt to do so, because the passenger vehicle was nearly idle and then further slowed down by braking. It is not merely a vehicle's "abrupt stop" that rebuts the negligence presumption, but the "evidence of a sudden stop by the preceding driver at a time and place where it could not reasonably be expected by the following driver." *Hill v Wilson*, 209 Mich App 356, 360; 531 NW2d 744 (1995). In this case, Singh could not have reasonably expected a nearly stopped vehicle in the middle lane of a dark expressway at night, particularly given that the vehicle did not activate its brake lights to indicate its slow rate of speed until Singh's semitruck was already upon it, and there were no indications of a traffic stoppage or other impediments along the expressway.

On appeal, plaintiff relies largely on *Petrosky v Dziurman*, 367 Mich 539; 116 NW2d 748 (1962), and *White*, 275 Mich App at 623, but both cases are distinguishable. In *Petrosky*, 367 Mich at 546-547, the defendant in a lawsuit involving a rear-end collision claimed 18 months after the accident that he had experienced a sudden brake failure, but this contradicted his account at the time of the accident as well as other evidence in the case, creating a question of fact for the jury to resolve. Similarly, in *White*, 275 Mich App at 623-624, the defendant rear-ended a vehicle after blacking out while driving, but there was evidence that he had been feeling ill for some time and chose to drive anyway, raising a question of fact for the jury about whether his emergency was truly unexpected.

Here, by contrast, there are no disputes of fact, defendant's credibility is not in question, and his testimony is corroborated by video evidence. And on this record, a reasonable jury could only conclude that Singh "acted as a reasonably prudent person when facing the emergency." *Id.* at 622. As such, the "clear, positive, and credible" evidence in the record overcomes the presumption of negligence in MCL 257.402(a). *Id.* at 621. Accordingly, MCL 257.627 is inapplicable. See *Vander Laan*, 385 Mich at 231. Therefore, and in sum, the trial court did not err by granting defendants' motion for summary disposition because it properly applied the sudden-emergency doctrine to the extent that reasonable minds could not differ that Singh was not negligent. See *Piccione*, 327 Mich App at 19.

Affirmed.

/s/ Daniel S. Korobkin
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado

-4-